411 A.2d 820

**COMMONWEALTH of Pennsylvania**

v.

**Milton O'Neal HUMPHREY, Appellant.**

Superior Court of Pennsylvania.

Argued July 17, 1979.

Filed Oct. 12, 1979.

482

Norris E. Gelman, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WEKSELMAN, Judge:

Appellant, in 1972, was found guilty of murder in the first degree and three counts of aggravated robbery. His post-trial motions were denied and the subsequent judgment of sentence was appealed to the Pennsylvania Supreme Court which remanded for a hearing under the Post-Conviction Hearing Act. That hearing was held in conformity with the mandate of the Supreme Court and relief was denied. The denial of that relief occasioned a second appeal to the Pennsylvania Supreme Court which found that appellant's trial counsel was ineffective and remanded the case to the Court below for a new trial. *Commonwealth v. Humphrey*, 473 Pa. 533, 375 A.2d 717 (1977).

Prior to the ordered retrial, appellant filed a petition in the Court below seeking his discharge on the basis of a

* Justice Robert N. C. Nix, Jr. of the Supreme Court of Pennsylvania, and Judge I. Martin Wekselman of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

double jeopardy claim. That petition was denied and it is the denial of that petition which is now before the Court on appeal.

The Commonwealth argues that appellant has waived his double jeopardy claim by failing to raise it on his prior appeal from the judgment of sentence or in his Post-Conviction Hearing Act petition or the direct appeal which followed the denial of that relief. The Commonwealth argues that *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), and its progeny require defendants to brief and argue all possible issues at the earliest opportunity if they wish to avoid a finding of waiver. That general statement by the Commonwealth is undoubtedly correct, but has no application to the double jeopardy claim. It was not until the Supreme Court in *Commonwealth v. Humphrey, supra,* granted a new trial that the double jeopardy claim was cognizable by any court. On remand for a new trial, defense counsel is free to make any new motions which are appropriate without regard to what occurred at the prior trial. *Commonwealth v. Oakes*, 481 Pa. 343, 392 A.2d 1324 (1978). Accordingly, appellant has not waived his double jeopardy claim and the denial of that claim, although interlocutory, is appealable. *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977).

Turning to the merits of appellant's double jeopardy claim, we find no basis for a reversal of the conclusion reached below. Appellant contends that the ineffectiveness of his trial counsel, which was found by the Supreme Court in *Commonwealth v. Humphrey, supra,* had been exploited by the prosecutor and the trial judge and that such prosecutorial and judicial "overreaching" bars his retrial on double jeopardy grounds. He states three examples of this overreaching: (1) prosecutorial and judicial comments on his election to remain silent following his arrest; (2) use by the prosecutor of appellant's mug shot; and (3) use of a substitute medical examiner to testify in place of the medical examiner who did the autopsy when the original medical examiner became unavailable. Although appellant's trial

counsel objected in the third instance, he did not offer any objection to the first two. Appellant's argument is based primarily on Mr. Justice Pomeroy's plurality opinion for an equally divided Court in *Commonwealth v. Potter*, 478 Pa. 251, 386 A.2d 918 (1978). That opinion holds that intentional misconduct by the prosecutor or the trial judge, motivated by bad faith or undertaken to harass or prejudice the defendant so as to afford the prosecution a more favorable opportunity to convict, may bring the protection of the double jeopardy clause into play.

Appellant's reliance on the plurality opinion in *Potter* is misplaced. Initially, it must be observed that the double jeopardy clause does not protect against the results of ineffective counsel. The proper remedy for ineffective counsel is a new trial with effective counsel. Moreover, the three actions complained of by appellant were not the types of misconduct with which the double jeopardy clause is concerned.

At the time the prosecutor and trial judge referred to appellant's post-arrest silence, the Pennsylvania Supreme Court had not yet barred that practice. Such comments were not barred until the decision of *Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972), subsequent to appellant's trial. Since the practice was permissible at the time it was done, it cannot be construed as prosecutorial or judicial misconduct, even though counsel was ineffective in failing to object, thereby preserving the issue for review. The use and reference to mug shots of the appellant had been proscribed in *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972), decided six weeks prior to the trial of the case at bar. Although it was error for the prosecutor to refer to appellant's mug shots, this is not the type of intentional misconduct involving double jeopardy protections. First of all, it is not at all clear that the prosecutor, trial counsel or trial judge were aware of the decision of *Allen*, it having antedated the trial by so short a period of time. Moreover, this is the type of error which is clearly remedied through the grant of a new trial. The practice of

using substitute medical examiners was not proscribed until after the trial of the instant case. *Commonwealth v. McCloud*, 457 Pa. 310, 322 A.2d 653 (1974). Therefore, there was no misconduct in using a substitute medical examiner in the 1972 trial.

■ Finally, appellant raises the novel proposition that since his trial counsel was court-appointed, his ineffectiveness must be attributed to the Commonwealth, and that since the Commonwealth took advantage of that ineffectiveness, double jeopardy considerations bar a retrial. As aptly pointed out in the Commonwealth's brief, such a rule would fashion a windfall remedy for accuseds represented by court-appointed counsel as distinguished from those represented by retained counsel. The appellant has been granted a new trial which is all the relief to which he is entitled. *See, Commonwealth v. Hogan*, 482 Pa. 333, 393 A.2d 1133 (1978).

Order affirmed.

WIEAND, J., files a concurring opinion, in which NIX, J., joins, as well as in the opinion of the court.

WIEAND, Judge, concurring:

The majority opinion, ably written by Judge Wekselman, is unquestionably correct in holding that the re-trial granted by the Supreme Court in 1977 is not barred by the double jeopardy clause of the United States Constitution. My purpose in writing this concurring opinion is to suggest that the meritless, if not frivolous, nature of appellant's claim and the delaying effect it has had upon the start of the new trial recommend a reconsideration by the Supreme Court of its decision in *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

Appellant's trial occurred in 1972. On direct appeal, the Supreme Court remanded for a hearing under the Post Conviction Hearing Act. Much later, a second appeal to the Supreme Court gained for appellant a new trial on the grounds that trial counsel had been ineffective. Two years

more have now elapsed, and that new trial has yet to begin. The delay has been caused by a meritless application to dismiss on the grounds that a second trial is barred by principles of double jeopardy. After the trial court had denied appellant's application, he appealed. *Bolden* conferred upon him the right to appeal from the interlocutory order of the trial court which denied his application. On appeal, he argues that the new trial already ordered by the Supreme Court is improper and cannot be held because it would place him twice in jeopardy for the same offense.

This is not an isolated instance. With increasing frequency the commencement of court awarded new trials is being delayed while orders denying meritless double jeopardy issues are being appealed. This delay is unfortunate and unnecessary. It makes a mockery of the 120 day re-trial requirement of Pa.R.Crim.P. 1100(e). It provides a defendant with an automatic one to two year delay if he or she wishes to postpone the trial. It means that in most instances where a new trial has been granted by a court, an application to dismiss on the grounds of double jeopardy will follow and, if denied, will be appealed.

Delay will be eliminated and frivolous double jeopardy claims will be discouraged if the right to appeal from interlocutory determinations is delayed until a final judgment has been entered. The advantages of such a rule are many. They include a speedier second trial, a greater likelihood of achieving a correct and just result while events are fresh in the minds of witnesses, and the elimination of multiple appeals. These advantages can be achieved without prejudicing a defendant's right to raise and preserve the issue for later appellate review.

Reconsideration of *Bolden* may also forestall the issues of waiver and ineffective assistance of counsel which are now being spawned by failures of counsel to pursue the appeal rights granted thereby.

NIX, J., joins in this concurring opinion.