411 A.2d 823

COMMONWEALTH of Pennsylvania

v.

Ronald Gary WEAVER, Appellant.

Superior Court of Pennsylvania.

Submitted July 17, 1979.

Filed Oct. 12, 1979.

488

Joseph D. Montgomery, III, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

PER CURIAM:

Appellant was convicted by a jury of murder in the first degree, robbery and criminal conspiracy. The Court below sustained his post-trial motions and granted a new trial. Although the Court below filed no Opinion in connection with the grant of a new trial, it is clear from the post-trial motions filed that the new trial was awarded on the basis of prosecutorial misconduct in the form of improper comments in the opening statement and closing argument, and other prejudicial conduct by the prosecutor. Prior to the ordered retrial, appellant moved to dismiss the charges alleging that the retrial was barred by the double jeopardy clause. This appeal is from the Order of the Court below refusing the motion to dismiss.

The case law of Pennsylvania has consistently refused to extend the bar of double jeopardy to the retrial situation following the grant of a new trial for trial error. Moreover, although the prosecutor's conduct here was highly objectionable, it does not appear that the prosecutor was intending to

---

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

abort the trial. Even if that was his objective, he failed in achieving it up until the grant of the new trial by the Court below. *See, Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978).

The Commonwealth, as it has done in similar cases, contends that the double jeopardy claim has been waived by appellant's failure to include that issue in post-trial motions. As we have consistently held, that contention is without merit. No double jeopardy issue exists prior to the award of a new trial and is cognizable by no Court until after a new trial has been awarded. *See, Commonwealth v. Humphrey,* 270 Pa.Super. 480, 411 A.2d 820 (1979), filed contemporaneously herewith.

Order affirmed.