417 A.2d 251

**COMMONWEALTH of Pennsylvania**

v.

**James W. JENKINS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1979.

Filed Dec. 21, 1979.

Barry W. Kerchner, Pottstown, for appellant.

John T. Salvucci, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

ROBERTS, Judge:

On March 19, 1975, a jury convicted appellant of murder of the third degree. The Supreme Court, holding that the prosecutor had committed misconduct denying appellant a fair trial, reversed judgment of sentence and remanded for a new trial. See *Commonwealth v. Jenkins*, 476 Pa. 467, 383 A.2d 195 (1978). When the Commonwealth again indicted appellant, he filed a motion to quash the indictment, alleging that the double jeopardy clause barred further prosecution because the prosecutor had committed intentional or grossly negligent misconduct at trial. See *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977) (plurality opinion).

---

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

The trial court on remand denied the motion, asserting that it was bound to follow the judgment of the Supreme Court ordering a new trial. Appellant contends that the trial court has authority to entertain his motion to quash on double jeopardy grounds and that double jeopardy bars a second prosecution. We agree that the trial court should have considered the motion to quash and remand for that court to make a determination of appellant's double jeopardy claim.

 The Commonwealth first argues that appellant was obliged to raise his double jeopardy claim on direct appeal, did not, and therefore may not raise it on remand. This contention is without merit. *Commonwealth v. Humphrey*, 270 Pa.Super. 480, 411 A.2d 820 (1979). An issue is preserved for review if raised at the earliest possible time. See, e. g., *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978). Appellant raised his double jeopardy claim immediately upon reindictment. That was the earliest possible time. He could not raise the claim in post-verdict motions or on direct appeal because he had not then been reindicted. Until the prosecution seeks to try a defendant once more, the risk of double jeopardy is speculative. Accordingly, appellant's claim of double jeopardy, if advanced on direct appeal, would not have been ripe for review. See generally *United Public Workers v. Mitchell*, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947). Thus, appellant properly presented his claim to the trial court.[1]

1. The Commonwealth relies on former Pa.R.App.P. 311(b), which provided:

> "Any appeal may be taken from . . . an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge."

This provision was deleted by the 1978 amendments to the Rules of Appellate Procedure. See Pa.R.App.P. 311, as amended November 30, 1978, effective 120 days after December 23, 1978. Although in effect at the time of appellant's appeal from judgment of sentence, this provision, for the reasons stated in the text above, does not render appellant's claim improperly preserved on remand.

The Commonwealth also relies upon the Opinion Announcing the Judgment of the Court in *Commonwealth v. Hogan*, 482 Pa. 333, 393

■ For much the same reason, the trial court on remand erred in concluding that it lacked authority to consider appellant's claim. Because the Supreme Court was not faced with a double jeopardy claim, it could not review one. See, e. g., *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975) (appellate court may not, sua sponte, consider constitutional question not presented). The proper forum for the claim was the trial court, which, upon remand, was under the same obligation to ensure protection of appellant's constitutional rights as when conducting a trial in the first instance. Cf. *Commonwealth v. Hart*, 479 Pa. 84, 387 A.2d 845 (1978) (trial court, on remand, has independent obligation to assure a just proceeding).

■ Of course, a trial court may not violate an order of a superior court. E. g., *Commonwealth v. Jackson*, 483 Pa. 101, 394 A.2d 930 (1978). The Supreme Court's judgment did not, however, compel the trial court to hold a trial. Rather, the reversal of appellant's conviction placed the case in the same status as that of any other case going to trial, in which appellant was entitled to file any valid pretrial motion and the trial court was obliged to award any proper relief. *Commonwealth v. Thomas*, 270 Pa. 375, 411 A.2d 767 (1979); *Commonwealth v. Plexico*, 270 Pa. 543, 411 A.2d 1219 (1979); cf. *Commonwealth v. Hart*, supra. A contrary conclusion would deny appellant any opportunity to contest his claim except in an appellate court on appeal from denial of the motion to quash. According to accepted judicial practice, the trial court, not appellate courts, should initially determine pretrial motions. See *Commonwealth v. Bolden*, supra. Adherence to this practice is particularly important where, as here, the pretrial motion raises a double jeopardy claim founded upon the conduct of the prosecutor at the first trial,

A.2d 1133 (1978), which suggested that a defendant must raise a claim of double jeopardy in post-verdict motions after trial. This opinion, however, represented the view of only one member of the Court. It has no precedential value. See, e. g., *Commonwealth v. Covil*, 474 Pa. 375, 378 A.2d 841 (1977); *Commonwealth v. Davenport*, 462 Pa. 543, 342 A.2d 67 (1975). We reject the view expressed in that opinion for the reasons in the text above.

for a hearing may be necessary for resolution of the issue. Cf. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975) (remand for hearing to determine effectiveness of counsel).

Accordingly, we vacate the order of the trial court and remand for that court to determine the validity of appellant's motion to quash.[2]

2. Appellant argues that the trial court, in its post-verdict opinion after trial, and the Supreme Court, in its opinion reversing judgment of sentence, have already concluded that the prosecutor committed misconduct barring a second prosecution. As stated in the text, the only question presented on direct appeal with respect to the conduct of the prosecutor was whether appellant had been denied a fair trial. The trial court on remand will make the initial determination whether the misconduct bars a retrial.