418 A.2d 571

COMMONWEALTH of Pennsylvania,

v.

**Herman A. BLAIR, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 1979.

Filed Jan. 25, 1980.

Joel M. Breitstein, Lebanon, for appellant.

David J. Brightbill, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before CERCONE, P. J., and ROBERTS and LIPEZ, JJ.*

ROBERTS, Judge:

In this appeal from denial of relief under the Post-Conviction Hearing Act,[1] appellant contends that he should be permitted to withdraw his guilty plea because the trial court held a guilty plea colloquy only after accepting the plea and because trial counsel was ineffective for failing to advise him that the procedure was invalid. We affirm.

On March 6, 1972, appellant pleaded guilty to murder. The Commonwealth certified that the degree of guilt rose no higher than murder of the second degree and recommended a sentence of imprisonment of 8 to 16 years. The trial court found appellant guilty of murder of the second degree and

---

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp. 1978–79).

imposed the recommended sentence. On March 7, 1972, the court held another hearing, at which it stated that, at the hearing the day before, it had accidentally neglected to hold a colloquy required by Pa.R.Crim.P. 319 to determine whether the plea was voluntary. Appellant's counsel then questioned appellant about his understanding of his rights when he entered the plea on March 6. Appellant was not asked whether he was maintaining his plea of guilty. At the end of this interrogation, the court announced that it was accepting the plea *nunc pro tunc* and reaffirmed the verdict and sentence of the previous day.[2]

Appellant does not contend that the colloquy at the second hearing failed to reveal that his plea was knowing, voluntary and intelligent. Rather, he argues that the court could rely upon the second colloquy only if it had formally vacated the judgment of the previous day, determined that he was still pleading guilty and started anew.

Appellant's argument, resting on mere forms of words and not on substance, is too technical. Appellant points to no prejudice at the second hearing. It was apparent to the court that appellant, when answering that he understood certain rights the day before, understood them at the second hearing as well. It was also apparent to the court that, at the second hearing appellant was maintaining his plea of guilty. When the court announced at the conclusion of the second hearing that it was accepting appellant's plea *nunc pro tunc*, in effect it vacated the judgment imposed on

2. On April 26, 1973, appellant filed a PCHA petition alleging that his guilty plea was not voluntary and requesting appointment of counsel. The PCHA court dismissed the petition summarily without holding a hearing or appointing counsel. The Supreme Court affirmed the order of the PCHA court. See *Commonwealth v. Blair*, 463 Pa. 383, 344 A.2d 884 (1975). The Supreme Court granted reargument and subsequently reversed its judgment, remanding for a hearing and permitting amendment of the PCHA petition. See *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977). Appellant filed in the PCHA court an amended petition and the court held a hearing, after which it denied relief. The PCHA court noted that, since *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975), the proper procedure for seeking withdrawal of a guilty plea is a petition for withdrawal. The court considered the PCHA petition as a petition for withdrawal because appellant filed it before *Roberts* was decided.

March 6 and imposed judgment for a plea entered on March 7.

Accordingly, we find no defect in the procedure accorded appellant causing him any prejudice. Thus, counsel was not ineffective for failing to advise appellant that the procedure was defective. See *Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978).

Order affirmed.