444 A.2d 739

**COMMONWEALTH of Pennsylvania**

**v.**

**Willie LOWE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 2, 1981.

Filed April 16, 1982.

Daniel M. Pell, York, for appellant.

Sheryl Ann Dorney, Assistant District Attorney, York, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

Willie Lowe, 61 years of age, was convicted by a jury of committing an aggravated assault. Post trial motions were denied, and a sentence of imprisonment was imposed for not less than five nor more than ten years. An appeal was filed in the Superior Court but was dismissed when counsel, a member of the Public Defender's staff, failed to pursue it. Thereafter, Lowe filed a PCHA petition alleging that counsel had been ineffective for failing to pursue his appeal in the Superior Court and requesting leave to file an appeal nunc pro tunc. New counsel was subsequently appointed, and he caused to be filed an amended PCHA petition. The only averment contained in the amended petition was that prior counsel had been ineffective for failing to pursue Lowe's appeal; and the only relief requested was the reinstatement of Lowe's right of direct appeal. After hearing, the trial court granted the requested relief. On direct appeal, appellant raises two issues.

His first contention is that the trial court erred by refusing a motion to interrupt the trial, after the Commonwealth's case had been presented, and appoint a psychiatrist to examine appellant in order to determine his competency to cooperate with counsel during presentation of the defense. This issue was preserved for review by appellant's motion for new trial and is properly before this Court on appeal. Appellant's contention, however, is lacking in merit. In the first place, appellant's motion for the appointment of a psychiatrist was neither properly nor timely filed. Pa.R. Crim.P. 307 requires that an omnibus pre-trial motion, including a motion for psychiatric examination, be filed within thirty days after arraignment, "unless opportunity therefor did not exist, or the defendant or his attorney . . . was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown." Rule 306(a), moreover, requires that the motion be in writing. Failure to include a ground for relief in the omnibus pre-trial motion shall constitute a waiver of that ground. Pa.R.Crim.P. 306(e).

The record of the sidebar conference at which the defense motion was made discloses clearly that there were no exceptional circumstances to excuse appellant's failure to proceed pre-trial. Defense counsel, who had not spoken with appellant between the preliminary hearing and the morning of trial, gave as his reason for the request the need to decide whether appellant should be allowed to testify. Thus, he said:

"... I am now faced with the decision of whether or not to put Mr. Lowe on the stand, and I think it's obvious, at least to me and I think to the Court and to the district attorney, that Mr. Lowe's behavior has been somewhat abnormal throughout this trial.[1] And, I think, not being a psychiatrist of any kind, his behavior does raise a doubt in my mind as to his competency at the present time. Like I say, I'm faced with whether or not to put him on the stand. I want to, but, his present medical condition, I don't know if he's going to be able to testify in a proper manner. At this time, I would request that we deal with the competency issue."

Under these circumstances, the trial court could have treated the request of defense counsel as untimely, procedurally improper, and not then properly before it for consideration. Instead, the trial judge excused the jury and questioned appellant extensively about his understanding of the proceedings and his ability to proceed. Appellant's answers to the judge's questions were lucid, evidenced a clear comprehension of the proceedings and demonstrated an eagerness to testify that his use of a knife had been to protect himself against an assault committed by the alleged

---

1. Our review of the record discloses no substantial abnormality in appellant's behavior during trial. On several occasions during cross-examination of Harold Price, the alleged victim of the assault, appellant answered aloud when the witness did not give immediate responses to questions asked. On other occasions, he shook his head and laughed during such cross-examination. This occurred on only four pages of the transcript of such cross-examination, however, and ceased promptly when the trial judge told appellant that he would have a chance to speak at a later time. This is not the type of conduct which, without more, depicts a mentally incompetent defendant.

victim. The record, in brief, contains no basis whatsoever on which the trial judge could have aborted the trial in response to defense counsel's uncertainty about appellant's ability to testify properly.[2] The trial court's ruling, therefore, did not constitute error.

Appellant's second contention is that trial counsel was ineffective for failing to assert an insanity defense at trial.[3] This issue has been raised for the first time in the brief filed in this Court by appellate counsel. It was not alleged in the amended PCHA petition prepared and filed by appellate counsel, and no evidence on this issue was received by the PCHA court. Therefore, we are required to determine preliminarily whether this issue is properly before us.

We conclude that this issue has been waived. This is not the first proceeding in which appellant has been represented by counsel other than his trial counsel. He was represented by newly appointed counsel when the PCHA petition was filed and heard by the court below. Indeed, it was present counsel who prepared the amended PCHA petition which was the basis for hearing before the court below. The issue of trial counsel's ineffectiveness for failing to assert an insanity defense, however, was not raised. It was not alleged in the PCHA petition, and no evidence relevant to such issue was offered in the proceedings before the hearing court. If this issue had been presented properly, this Court would have before it a full record and would be able to review the ineffectiveness of counsel claim in the instant appeal. See and compare: *Commonwealth v. Miranda,* 296 Pa.Superior Ct. 441, 442 A.2d 1133 (1982); *Commonwealth v. May,* 296 Pa.Superior Ct. 435, 442 A.2d 1129

**2.** These facts distinguish the instant case from *Commonwealth v. Smith,* 227 Pa.Superior Ct. 355, 324 A.2d 483 (1975). Contrary to appellant's contention, the *Smith* decision is neither apposite nor controlling.

**3.** The record discloses that the defense relied upon at trial was self-defense. Whether a defense of insanity could have been advanced compatibly therewith or whether such a defense had greater potential for success than the defense offered cannot be determined from the present record.

224

(1982); *Commonwealth v. Clark,* 296 Pa.Superior Ct. 315, 442 A.2d 786 (1982). See also: *Commonwealth v. Sullivan,* 472 Pa. 129, 140 n.5, 371 A.2d 468, 473 n.5 (1977). Unfortunately, appellant's failure to raise the issue in a timely manner has produced a record which is blank and wholly inadequate to permit a review of trial counsel's stewardship. Having failed to raise the issue at the first available opportunity, therefore, the issue has been waived. See: *Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Lewis,* 276 Pa.Superior Ct. 451, 419 A.2d 544 (1980); *Commonwealth v. Wetzel,* 276 Pa.Superior Ct. 445, 419 A.2d 541 (1980); *Commonwealth v. Jenkins,* 273 Pa.Superior Ct. 227, 417 A.2d 251 (1979); *Commonwealth v. O'Brien,* 273 Pa.Superior Ct. 198, 417 A.2d 236 (1979). We will not remand to give appellant a second opportunity to allege ineffectiveness of counsel and present evidence which should have been raised and presented to the court below when it received evidence and decided appellant's amended PCHA petition.

The judgment of sentence is affirmed.

BROSKY, J., concurs in the result.