450 A.2d 725

### COMMONWEALTH of Pennsylvania

v.

### Michael KNOX, Appellant.

Superior Court of Pennsylvania.

Submitted June 3, 1981.

Filed Sept. 17, 1982.

370

Douglas M. Johnson, Assistant Public Defender, Souderton, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before ROWLEY, McEWEN and MONTEMURO, JJ.

McEWEN, Judge:

We here consider an appeal from the Order of the Common Pleas Court which dismissed the petition of appellant for relief under the Post-Conviction Hearing Act, Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180–1 *et seq.* Appellant contends principally that he should be afforded P.C. H.A. relief because his guilty pleas to burglary and various related charges were unlawfully induced and because he had been denied his constitutional right to the effective assistance of counsel. We affirm.

Appellant, Michael Knox, was apprehended during his commission of the burglary of an apartment dwelling and subsequently entered pleas of guilty to burglary, theft, possession of an instrument of crime, terroristic threats, recklessly endangering another person and criminal conspiracy. He was thereafter sentenced to two concurrent terms of imprisonment of from one and one-half to five years on the charges of possession of an instrument of crime and terroristic threats and to a consecutive six year term of probation on the burglary charge. Sentences on the charges of theft, recklessly endangering another person, and criminal conspiracy were suspended. Counsel filed a timely motion to modify sentence which was denied. Appellant then filed a *pro se* petition to vacate and reconsider sentence which was dismissed by the court. Appellant thereafter initiated *pro se* P.C.H.A. proceedings and alleged, *inter alia,* that his guilty pleas had been unlawfully induced and that he had been denied his constitutional right to representation by competent counsel. The Common Pleas Court appointed a new attorney to represent defendant on the P.C.H.A. petition. The Commonwealth filed a motion to dismiss the P.C.H.A. petition and, after hearing, the petition of appellant was dismissed. Appellant, having replaced his trial counsel with court appointed counsel for the P.C.H.A. proceedings in the Common Pleas Court, then proceeded to replace the P.C.H.A. counsel with new court appointed counsel for the appeal to this Court.

The brief of appellant sets forth the following two issues in the Statement of Questions Involved which were raised in the lower court:

(1) Did the appellant waive the right to challenge the validity of his guilty plea?

(2) Was the appellant's plea of guilty unlawfully induced because he was not properly advised of the possible defense available to the crimes charged?

The opinion of the post-conviction hearing court addressed these issues and we agree with its determinations. Under the Post-Conviction Hearing Act there is a rebuttable pre-

sumption that the failure to raise an issue in the trial court is a knowing and understanding failure. 19 P.S. § 1180–4(c); *Commonwealth v. Baylor,* 279 Pa.Super. 304, 420 A.2d 1346 (1980).

■ Appellant failed to timely move in the Common Pleas Court for withdrawal of his guilty plea pursuant to Pa.R. Crim.P. 320. We, therefore, conclude that he has waived, for the purpose of this appeal the issue of the validity of his guilty plea. *Commonwealth v. McGarry,* 280 Pa.Super. 527, 421 A.2d 847 (1980); *Commonwealth v. Campbell,* 269 Pa.Super. 467, 410 A.2d 350 (1979); *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975).

■ We further conclude that appellant has failed to establish that his trial counsel provided ineffective assistance, the extraordinary circumstance which would preclude waiver of the issue raised here on appeal. 19 P.S. § 1180–4(b)(2); *Commonwealth v. Newell,* 486 Pa. 474, 406 A.2d 733 (1979); *Commonwealth v. Baylor, supra.* Our review of the record makes clear that appellant has failed to show his counsel was ineffective. The pleas of guilty were entered following an extended colloquy which demonstrated that the decision of appellant to plead guilty to the various charges was made knowingly, willingly and voluntarily on the basis of the belief of his counsel and the advice of counsel to appellant that the court would most likely impose a much less severe sentence if appellant pleaded guilty. This advice by counsel to appellant was also based upon the disclosure by appellant to counsel prior to the time of the anticipated trial that (1) the burglary had actually been planned prior to his ingestion of a drug which he had previously maintained would be the mainstay of his defense of involuntary intoxication; and (2) that he would no longer subject himself to further hypnosis sessions with a medical expert which had been aimed toward establishing the defense of involuntary intoxication, nor would he continue with the preparation of that defense. The record reflects that appellant was well apprised of the possible defense of involuntary intoxication, had worked extensively with his attorney in preparation of

this defense, was apprised of the applicable case law, and, shortly before the anticipated trial, voluntarily made the decision to forego this line of defense and plead guilty.

When we review a claim of ineffective assistance of counsel we apply a two-step analysis. First, we determine if the issue underlying the allegation of ineffectiveness is of arguable merit. Second, if we find the underlying issue to be of arguable merit, we shift our inquiry to a determination of whether the course actually chosen by counsel had some reasonable basis designed to effectuate the interests of the client. *Commonwealth v. Evans,* 489 Pa. 85, 413 A.2d 1025 (1980); *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Gonzales,* 297 Pa.Super. 66, 443 A.2d 301 (1982).

The P.C.H.A. Court found that under all of the circumstances of the case, including the decision of the appellant not to pursue the possible defense of involuntary intoxication, the advice of counsel to appellant that he plead guilty in the belief that the judge would be lenient in imposing sentence had a reasonable basis in effectuating his client's interests. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). The Superior Court will not disturb the findings of the P.C.H.A. Court if they are supported by the record. *Commonwealth v. May,* 296 Pa.Super. 435, 442 A.2d 1129 (1982); *Commonwealth v. Sullivan,* 472 Pa. 129, 145, 371 A.2d 468, 476 (1977). Since the findings are supported by the record we will not disturb them.

Through the device of an allegation of the ineffectiveness of both trial counsel and P.C.H.A. counsel, appellant, represented by even newer counsel on this appeal, raises a new issue—he claims that his guilty plea was unlawfully induced by the failure of his guilty plea counsel to object to erroneous information provided by the prosecutor during the guilty plea colloquy concerning the maximum terms of imprisonment and fines applicable for the crimes to which he pleaded guilty. The primary issue as to whether the guilty pleas

were unlawfully induced has already been litigated in the P.C.H.A. hearing below. Despite the conclusion of the P.C. H.A. Court that the issue had been waived, the court proceeded to a determination of the issue on the merits on the basis of the allegation of ineffective assistance of counsel and concluded that (1) the guilty plea was not unlawfully induced; and (2) that counsel was not ineffective. We have accepted that determination.

Appellant now attempts to here litigate for the first time a claim that the guilty plea was defective for a further but previously unmentioned reason, namely, the prosecutor provided erroneous information during the guilty plea colloquy with regard to the aggregate maximum sentences and fines which confronted appellant, and would have us consider this claim on the basis that both trial counsel and P.C.H.A. counsel were ineffective for failing to earlier object to the defect.

While there are certain procedural deficiencies which would ordinarily preclude the consideration of this contention, *Commonwealth v. Lowe,* 298 Pa.Super. 219, 444 A.2d 739 (1982), we shall nonetheless consider it in the interest of judicial efficiency, since we have presently before us a record which is adequate to now dispose of the contention.

In order to establish a right to relief in a P.C.H.A. proceeding, the petitioner must demonstrate not only that an error has occurred but also that the error has prejudiced him. *See Commonwealth v. Blair,* 274 Pa.Super. 606, 418 A.2d 571 (1980).

Our examination of the record here reveals that appellant was properly advised of the individual maximum fines and terms applicable to the crimes charged. This aspect of the colloquy comported with the requirement of an inquiry into the defendant's awareness of the permissible range of sentences and fines for the charged offenses pursuant to the guidelines set forth in the Comment to Pa.R.Crim.P. 319(a). *See Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977); *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824

(1976); *Commonwealth v. Schork,* 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976); *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974).

■ A scrutiny of the record confirms, however, that the information provided by the prosecutor was in error with regard to the aggregate maximum sentences and fines which appellant could have faced by pleading guilty to the crimes charged.[1] Appellant has not, however, demonstrated the manner in which this error prejudiced him.

We conclude that this contention is without arguable merit, since the record demonstrates that appellant did not plead guilty because of the defect asserted—a quite trifling and baseless contention—but that he was motivated to enter pleas of guilty by: (1) the overwhelming evidence of his participation in the burglary which included his apprehension in the very apartment during the actual burglary; (2) his inability to replace the contrived defense which he had decided to abandon; and (3) his desire to secure a reduced sentence for these crimes.

Order affirmed.

1. Appellant claims that he was improperly advised of the aggregate maximum terms of imprisonment and the maximum fines which he faced. The disputed portion of the guilty plea colloquy conducted by the District Attorney is set forth as follows:

By Mr. Selig [Assistant District Attorney]:
Q. So altogether you face a maximum of, I believe, it's eighty six years in jail, and the fines, I didn't add those up, but there are well over one hundred thousand dollars in fines, you understand that?
A. Yes.
Q. That could be the maximum imposed upon you. Do you understand that?
A. Yes, sir. (N.T. guilty plea, 10–16–79, p. 43).

The approximation of sentence expressed by the Assistant District Attorney was in error. The prosecutor stated he believed it was 86 years; appellant in his brief indicates the aggregate maximum was 46 years; a closer calculation would indicate that a term of 59 years and a fine of $90,000 is the aggregate maximum sentence for the crimes to which appellant pleaded guilty: burglary, theft, possession of an instrument of crime, terroristic threats, recklessly endangering another person and criminal conspiracy.