J-S21022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRONE HENDERSON | |
| Appellant | No. 1984 EDA 2015 |

Appeal from the PCRA Order June 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1142831-1993

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                     **FILED APRIL 12, 2016**

Tyrone Henderson appeals from the trial court's order denying, as untimely, his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Because the United States Supreme Court has declared that the holding of **Miller v. Alabama**, 132 S.Ct. 2455 (2012), is a substantive rule of constitutional law to which state collateral review courts were required, as a constitutional matter, to give retroactive effect, **Montgomery v. Louisiana**, 136 S.Ct. 718, 736 (filed January 25, 2016, as revised on January 27, 2016), we reverse and remand for resentencing.[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Although Henderson has filed an application for remand based on the holding of **Montgomery**, we are bound to follow the procedure set forth by
*(Footnote Continued Next Page)*

Henderson was involved in a drug deal gone bad, which led to the October 20, 1993 shooting death of Richard Marable (victim). At the time of the offense, Henderson was seventeen years old. After a jury trial, Henderson was convicted of first-degree murder[2] and possessing an instrument of crime (PIC).[3] On November 14, 1994, Henderson was sentenced to life imprisonment without the possibility of parole for first-degree murder; no further penalty was imposed on the PIC conviction.[4] Henderson filed a direct appeal. Our Court affirmed his judgment of sentence. *Commonwealth v. Henderson*, No. 4113 PHL 1994 (Pa. Super. filed August 7, 1995). The Supreme Court subsequently denied Henderson's petition for allocatur.

On May 1, 1996, Henderson filed his first PCRA petition, *pro se*, alleging various claims of ineffectiveness of counsel. Counsel was appointed and filed an amended petition on Henderson's behalf. The trial court denied Henderson's petition and our Court affirmed the denial of PCRA relief. Henderson filed serial *pro se* PCRA petitions, dated August 23, 2000,

_(Footnote Continued)_ _____

our Court in *Commonwealth v. Secreti*, 2016 PA Super. 28 (Pa. Super. 2016).

[2] 18 Pa.C.S. § 2502.

[3] 18 Pa.C.S. § 907.

[4] The crime of involuntary manslaughter, a second PIC charge and a firearm offense were nolle prossed. Henderson was found not guilty of voluntary manslaughter.

December 23, 2003, and January 4, 2004. All petitions were dismissed as untimely filed. Those decisions were affirmed on appeal.

On July 9, 2010, Henderson filed the instant *pro se* PCRA petition, his fifth, claiming that he is serving an illegal sentence under the Pennsylvania and United States Constitutions based on the holding of ***Graham v. Florida***, 130 S.Ct. 2011 (2010). On August 2, 2012 and December 13, 2013, Henderson amended his petition to include reference to ***Miller***, ***supra***, and the PCRA's newly recognized constitutional right exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii). On June 24, 2014, the PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss Henderson's petition without a hearing based on its untimeliness and failure to prove an exception to the timeliness provision of the PCRA. Henderson filed a response to the court's Rule 907 notice. On June 4, 2015, the court dismissed Henderson's PCRA petition. This timely *pro se* appeal follows.

On appeal, Henderson raises the following issues for our consideration:

(1)    Did the trial court err in dismissing petitioner's petition and all supplemental petitions as untimely?

(2)    Did the trial court err in dismissing petitioner's PCRA petition and all supplemental petitions when they invoked meritorious claims for ***Miller*** and ***Graham***[5] to be applied retroactively?

_____

[5] We note that in ***Graham***, the United States Supreme Court determined that a sentence of life without parole imposed upon a *non-homicide* juvenile offender violates the Eighth Amendment's proscription against cruel and
*(Footnote Continued Next Page)*

(3) Did the trial court err in dismissing petitioner's PCRA petition that raised ineffective[] assistance of counsel for offering bad advice that led to petitioner's rejection of [a] plea deal?

(4) Should this Court hold petitioner's PCRA petition in abeyance pending the United States Supreme Court's decision in **Montgomery v. Louisiana**?[6]

With regard to Henderson's first two claims raised on appeal, invoking **Miller**, we conclude that he is entitled to relief based upon the United States Supreme Court's recent decision, **Montgomery v. Louisiana**, 136 S.Ct. 718. Although at the time Henderson filed his petition he was not entitled to retroactive application of **Miller**, **see Commonwealth v. Cunningham**, 81 A.2d 1 (Pa. 2013),[7] during the pendency of this appeal the United States Supreme Court issued **Montgomery**, which concluded that the holding of **Miller** is a substantive rule of constitutional law to which state collateral review courts were required, as a constitutional matter, to give retroactive effect. **Id.** at 736.

_(Footnote Continued)_ _____

unusual punishment. Since Henderson was convicted of first-degree murder, this holding does not apply to him.

[6] Because the United States Supreme Court rendered a decision in **Montgomery** since the filing of Henderson's appeal, this claim is now moot.

[7] In **Cunningham**, the Pennsylvania Supreme Court determined that the **Miller** holding did not apply retroactively to an inmate, serving a life sentence without parole, who has exhausted his direct appeal rights and is proceeding under the PCRA. Moreover, in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), our Court found that **Miller** did not qualify as a newly-discovered fact or newly recognized constitutional right under section 9545(b)(1)(ii) or (iii) of the PCRA. However, **Cunningham**, **Cintora** and their progeny are no longer good law as a result of **Montgomery**.

The Supreme Court cautioned in *Montgomery* that a court has no authority to leave in place a conviction or sentence that violates a substantive rule like *Miller*, regardless of whether the conviction or sentence became final before the rule was announced. *Id.* at 724. In *Miller*, *supra*, the United States Supreme held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders." *Miller*, 132 S.Ct. at 2469. Moreover, the *Miller* Court recognized that before sentencing juveniles, a judge or jury must "have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty," *id.* at 2476, by "tak[ing] into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 2469.

In the wake of *Montgomery*, our Court issued a decision to reverse and remand cases on collateral appeal where a petitioner claimed that he or she was entitled to relief pursuant to *Miller*. *See Commonwealth v. Secreti*, 2016 PA Super 28 (Pa. Super. 2016) (interpreting *Montgomery* as making retroactivity under *Miller* effective as of the date of the *Miller* decision).

Accordingly, because Henderson was a juvenile at the time of the instant offense, his life sentence without parole is, by definition, unlawful under *Miller* and *Montgomery*. Therefore, we reverse the order of the PCRA court and remand this case for resentencing.

In his final claim on appeal, Henderson asserts that counsel was ineffective for advising him to go to trial, where he ultimately received a sentence of life without parole, rather than accept a plea offer of 10-20 years' incarceration. Because Henderson did not raise this claim in his petition and also had the opportunity to raise it in his previously filed four petitions, it is waived. *Commonwealth v. Lowe*, 444 A.2d 739 (Pa. Super. 1982); 42 Pa.C.S. § 9544(b) ("an issue is waived [under the PCRA] if the petitioner could have raised it but failed to do so . . . on appeal or in a prior state postconviction proceeding.").

Order reversed. Remanded for resentencing. Jurisdiction relinquished.[8]

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2016

_____

[8] We recognize that while Henderson's first-degree murder sentence, itself, may be unlawful, his underlying conviction stands.