405 A.2d 1304

COMMONWEALTH of Pennsylvania

v.

Joseph H. JACKSON.

Superior Court of Pennsylvania.

Argued May 7, 1979.

Decided June 13, 1979.

Norman L. Goldberg, Media, for appellant.

Joan D. Lasensky, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Joseph H. Jackson has appealed from sentences imposed by the trial court after convictions on charges involving

---

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

murder in the first degree, robbery and other lesser crimes. Various reasons have been assigned to support the appeals, including (1) refusal to grant a request for change of venue; (2) lack of an impartial jury by excluding a select class of persons; (3) improperly excluding psychiatric testimony to negate intent; (4) ineffective assistance of counsel; (5) erroneous ruling on matters of cross-examination; (6) refusal to stay proceedings so that appellant would have opportunity to call witnesses at the preliminary hearing; (7) refusal of demurrer to charge of possessing prohibited offensive weapons; (8) insufficient evidence to support verdicts; (9) erroneous sentencing procedures.

On December 14, 1974, the body of the victim was found on the floor of his place of employment. Appellant and one Daniel Brisbon were arrested and charged with murder and related offenses. Brisbon was tried first and acquitted on all charges. There was apparent extensive news media coverage before and after Brisbon's trial and appellant contends *Commonwealth v. Pierce*, 451 Pa. 190, 303 A.2d 209 (1973), and other cases required a change of venue. An application was made and refused and present counsel contends trial counsel was ineffective in the manner in which he pursued the application. It is apparent that Brisbon was an extremely important witness against appellant. After his acquittal, local news coverage gave considerable factual coverage to the trial and the verdict.

At appellant's trial Brisbon testified that he was merely present when appellant went to the gas station for the purpose of taking money from the victim and then shot the victim when the latter stated that he had no money. Appellant took the stand in his own defense and testified that it was Brisbon who attempted the robbery and actually did the shooting.

Several of appellant's contentions cause us some concern but the issue of effectiveness of counsel, in our opinion, is a real problem. It was not raised in the court below and requires a remand for an evidentiary hearing. *See Commonwealth v. Connolly*, 478 Pa. 117, 385 A.2d 1342 (1978);

*Commonwealth v. Yost,* 478 Pa. 327, 386 A.2d 956 (1978); *Commonwealth v. Fultz,* 478 Pa. 207, 386 A.2d 513 (1978). Trial counsel is charged with ineffectiveness in the following matters:

1. Nature and quality of record established to support application for change of venue. This, along with counsel's failure to ask for a continuance following the verdict of not guilty for Brisbon and the subsequent publicity following that verdict, raises a real question. We would not say that counsel's failures may not be explained on a rational basis but that can scarcely be determined absent an evidentiary hearing.

2. Counsel failed to establish a record to show systematic exclusion of persons from the panel because of race.

3. Failure of counsel to cross-examine the pathologist to show path of bullet and thereby to hopefully show whether Jackson or Brisbon did the shooting.

4. Failure to introduce sufficient evidence of intoxication. What other evidence may have existed, if any, is not of record.

5. Failing to request the so-called "accomplice" credibility charge after Brisbon testified. At argument it was stated that Brisbon had previously been tried and acquitted and it might be contended that the acquittal rendered him no longer an accomplice. This case throughout was tried on the theory that Brisbon was an accomplice. Furthermore, the accomplice theory was submitted to the jury in the charge. Nowhere can we find any reference to or request for a charge on credibility of the accomplice. This failure in itself could well require a new trial but defense counsel should at least be permitted to have an opportunity to submit any possible rational reason for his decision.

For the reasons we have indicated, the case is remanded to the trial court for an evidentiary hearing on the matters relating to alleged incompetency of counsel. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).