410 A.2d 350

**COMMONWEALTH of Pennsylvania**

v.

**Charles CAMPBELL, Appellant.**

Superior Court of Pennsylvania.

Submitted July 9, 1979.

Filed Sept. 14, 1979.

Petition for Allowance of Appeal Denied Dec. 19, 1979.

Harris T. Bock, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WEKSELMAN, Judge:

Appellant, Charles Campbell, was charged with murder and possession of an instrument of crime after an incident which occurred on January 3, 1975. On June 20, 1975, he pleaded guilty to murder generally pursuant to an agreement with the Commonwealth to drop the weapons charge and certify the offense as rising no higher than third degree murder. The plea was accepted after an extensive on-the-record colloquy and, after hearing evidence with respect to the criminal incident, the Court determined that the crime was murder in the third degree and deferred sentence pending receipt of a presentence report. On October 16, 1975, appellant was sentenced to a term of imprisonment of not less than eight nor more than twenty years. However, pursuant to appellant's petition for reconsideration, the Court, on November 25, 1975, reduced the sentence to six to twenty years. A direct appeal to the Supreme Court was then filed and counsel was appointed to represent appellant in that appeal. On April 5, 1976, appellate counsel withdrew the appeal and filed a petition on appellant's behalf under the Post-Conviction Hearing Act, which petition sought leave for appellant to withdraw his plea.

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

That petition asserted three grounds: that the colloquy conducted on the record prior to acceptance of the plea did not adequately explain the rights appellant was losing; that he had pleaded guilty because his trial counsel had promised him that the sentence would not exceed two to ten years; and that the sentence actually imposed was invalid because it was based upon a misconception about his prior criminal record. A hearing was held on that petition on November 15, 1976, and a further hearing was scheduled for November 24, 1976.

On the latter date, appellant appeared before the Post-Conviction Court and, after an extensive on-the-record colloquy, abandoned his petition to withdraw his guilty plea and expressly waived "forever" any right to seek relief on the grounds alleged, excepting only the claim that the sentence was based on misinformation. The Post-Conviction Court thereupon granted the remaining relief requested, vacated the sentence and returned the case to the sentencing judge for resentencing after the filing of a new presentence report. Appellant expressly acknowledged that there was no agreement as to the sentence which would be imposed. After the preparation of a new presentence report and a hearing before the sentencing judge, appellant, on March 2, 1977, was resentenced to a term of imprisonment of six to twenty years, thereby giving rise to the instant appeal.

Appellant, now represented by yet another new attorney, challenges his guilty plea by alleging defects in the colloquy prior to the acceptance of his plea, the failure to honor a plea bargain regarding the sentence to be imposed, the ineffectiveness of trial counsel for allowing these "errors" to occur, and the ineffectiveness of post-trial counsel for not seeking relief for these "errors." Needless to say, all but the last of these claims should have been raised by a motion to withdraw the guilty plea in order to preserve them for appellate review. *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978). In fact, such a motion was filed through the device of the Post-Conviction Hearing Act Petition. Appellant knowingly and intelligently abandoned

those claims, however, and it is clear that his disappointment with the sentence originally imposed is the sole matter which he wished to have considered. He was then granted the specific relief requested; i. e., the vacation of the sentence and a resentencing after the receipt of a new presentence report. He therefore may not be heard to say that post-trial counsel was ineffective for not pursuing his right to relief from the alleged deficiencies surrounding the entry of his plea.[1]

Judgment of sentence affirmed.

1. Despite the fact that appellant has plainly waived all of the matters which he seeks to have this Court review, and we need not and do not decide any of the substantive issues raised, our examination of the record in this case indicates that there is little, if any, merit in any of the substantive issues raised either in the brief submitted by counsel on behalf of appellant or appellant's pro se supplement to counsel's brief for appellant, both of which have been carefully examined, in addition to our examination of the entire record in this case.