421 A.2d 847

**COMMONWEALTH of Pennsylvania,**

v.

**William Kelly McGARRY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 16, 1980.

Filed Sept. 19, 1980.

528

Alan Ellis, State College, for appellant.

Kim C. Kesner, Assistant District Attorney, Clearfield, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This appeal raises the issue of ineffectiveness of defense counsel at guilty plea proceedings.

On March 5, 1979, appellant was arrested on charges of possession of amphetamines and marijuana and possession of marijuana with the intent to deliver.[1] On June 13, 1979, appellant entered a guilty plea to the latter charge, and was sentenced to imprisonment of two to five years, less one day. Appellant then filed a petition for reconsideration of sentence. Although the lower court issued a Rule to Show Cause as to why the court should not reconsider the sentence, no action appears to have been taken on that Rule. On July 11, 1979, appellant filed a Notice of Appeal, alleging that the sentence was excessive. In September 1979 the public defender representing appellant petitioned for leave to withdraw as counsel. This petition was granted on October 1, 1979. In the meantime, on September 14, 1979, another attorney filed an entry of appearance on appellant's behalf, and petitioned for an extension of time in which to file a brief. On January 14, 1980, however, this attorney

1. Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.C.S. § 780–113(a)(30) (Purdon's Supp. 1979–80).

petitioned for leave to withdraw as counsel. This petition was granted on March 17, 1980. Appellant now files a *pro se* brief.

 Appellant argues that he was denied effective assistance of counsel by the public defender who represented him at his guilty plea hearing. In particular, appellant alleges that the defender: 1) failed to discuss with him potential defenses before advising him to plead guilty; 2) failed to adequately explain to him the charges to which he was about to plead, or to advise him that by pleading, he would waive his 5th Amendment rights; 3) threatened and misled him into believing that he would receive a short prison term with work release by pleading guilty, and made him believe that he had made a plea bargain to this effect; 4) failed to advise him that if he wished to challenge the sentences, either because the lower court failed to comply with the alleged plea bargain, or on other grounds, he would have to file a petition to withdraw his plea.[2]

 In *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979) (footnotes omitted), our Supreme Court summa-

---

**2.** Ordinarily, in order to challenge the validity of a guilty plea, the defendant must file a petition to withdraw the plea in the trial court that accepted it. *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978); *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975). Failure to file such a petition constitutes a waiver of the right to challenge the validity of the plea on appeal. *Commonwealth v. Roberts, supra.* However, it is also settled that if the trial court has failed to inform the defendant of his right to file such a petition, as well as the consequences of failure to do so, an invalid waiver of the right to jury trial will be conclusively inferred. *Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978); *Commonwealth v. Marzik*, 255 Pa.Super. 500, 388 A.2d 340 (1978).

In the present case, after pronouncing sentence, the court stated: Oh, you have the right to appeal from this Sentence, Mr. McGarry, on the three grounds stated by the District Attorney; that is, first upon the validity of your plea, second the jurisdiction of this court to impose Sentence, and finally the legality of the Sentence imposed. If you wish to enter an appeal and cannot afford an attorney to represent you, this Court will appoint one to represent you free.

THE DEFENDANT: How much time do you have to file one?

THE COURT: Thirty days. Very well.

(N.T. 17)

rized the guidelines in cases involving ineffective assistance of counsel:

It is by now axiomatic that the test for evaluating a claim of ineffective assistance of counsel is whether the record supports a conclusion that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). In making this assessment we are not to employ a hindsight evaluation to determine whether other alternatives may have been more reasonable. *Washington v. Maroney, supra*, but whether there was a reasonable basis for the course of action actually selected. *Commonwealth v. Hosack*, 485 Pa. 128, 401 A.2d 327 (1979); *Commonwealth v. O'Neal Weathers El*, 485 Pa. 28, 400 A.2d 1295 (1979); *Commonwealth v. Treftz*, 485 Pa. 297, 401 A.2d 1325 (1979); *Commonwealth v. Williams*, 485 Pa. 137, 401 A.2d 331 (1979); *Commonwealth v. Tome*, 484 Pa. 261, 398 A.2d 1369, 1371–72 (1979); *Commonwealth v. Betrand*, 484 Pa. 511, 399 A.2d 682 (1979); *Commonwealth v. Perrin*, 484 Pa. 188, 398 A.2d 1007 (1979); *Commonwealth v. Ray*, 483 Pa. 377, 396 A.2d 1218 (1979); *Commonwealth v. Yocham*, 483 Pa. 478, 397 A.2d 766 (1979); *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978); *Commonwealth v. Coleman*, 482 Pa. 581, 394 A.2d 474 (1978); *Commonwealth v. Sisco*, 482 Pa. 459, 393 A.2d 1197 (1978). If a reasonable basis for counsel's trial strategy decision exists, that decision is imputed to the client. *Commonwealth v.*

There is no indication in the record that appellant was ever made aware of the requirement to file a petition to withdraw his guilty plea as a condition of challenging the validity of the plea. In such a situation, we have in other cases remanded to allow the defendant to file a petition to withdraw his plea *nunc pro tunc*, thereby giving the trial court the first opportunity to rule on the underlying waiver issue. *Commonwealth v. Johnson, supra; Commonwealth v. Kitis*, 241 Pa.Super. 537, 358 A.2d 73 (1976); *Commonwealth v. Velasquez*, 238 Pa.Super. 368, 357 A.2d 155 (1976). Here, however, appellant's challenge to his guilty plea is based on ineffectiveness of counsel. We shall therefore follow the procedures that govern a direct appeal based on ineffectiveness claims.

*Sullivan,* 450 Pa. 273, 299 A.2d 608, *cert. denied,* 412 U.S. 923, 93 S.Ct. 2745, 37 L.Ed.2d 150 (1973). Moreover, the fact that an ineffective assistance of counsel claim is entertained in a direct appeal, rather than in a collateral attack upon a judgment of sentence, does not relieve the party asserting the claim of providing a record which will support the contention.

486 Pa. at 107–108, 404 A.2d at 380 (footnotes omitted). In the present case, such a record has not been provided to us. When it is impossible to determine from the record whether or not the actions of defense counsel had a rational basis, an appellate court will remand for an evidentiary hearing to establish counsel's reasons for his course of action. *Commonwealth v. Connolly,* 478 Pa. 117, 385 A.2d 1342 (1978); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Jackson,* 267 Pa.Super. 63, 405 A.2d 1304 (1979); *Commonwealth v. Payton,* 253 Pa.Super. 422, 385 A.2d 410 (1978). Therefore, we shall remand this case to the lower court for an evidentiary hearing on the alleged incompetency of counsel. After the lower court has conducted the hearing and ruled on the issue of the public defender's alleged ineffectiveness, either side may take a new appeal.

So ordered.