421 A.2d 726

**COMMONWEALTH of Pennsylvania**

**v.**

**Larry Wayne GARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Sept. 23, 1980.

Petition for Allowance of Appeal Denied Jan. 12, 1981.

288

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

BROSKY, Judge:

Appellant pleaded guilty to a charge of attempted rape on January 8, 1979. The lower court sentenced him on February 21, 1979.

Mr. Garris now claims by new counsel that he received ineffective assistance of counsel at trial for the following reasons: (1) failing to object at sentencing to the possible consideration of the Sentencing Act at November 26, 1978, No. 319, 7 Pa.Leg.Serv. 78, 1054 (subsequently referred to as Act 319); (2) failing to instruct the court upon the proper application of Act 319. Additionally, appellant contends the lower court erred when it refused to permit him to withdraw his guilty plea due to the court's failure to advise him during the guilty plea colloquy that it would consider Act 319.

At sentencing, the District Attorney brought to the attention of the court that Act 319 existed. He specifically discussed Section 5 of the Act which states:

Section 5. Pursuant to this section, there is established an interim guideline for the minimum sentencing of certain repeat offenders.

(a) Until sentencing guidelines adopted by the Pennsylvania Commission on Sentencing and relating to the offenses set out in this subsection become effective pursuant to 18 Pa.C.S. Sec. 1385 (relating to publication of guidelines for sentencing), when any person is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery, aggravated assault as defined in 18 Pa. C.S. Sec. 2702(a)(1) (relating to aggravated assault) involving the use of a firearm, arson or kidnapping, or of attempt to commit any of these crimes, and when that person has been previously convicted in this Commonwealth, or any other state or the District of Columbia, or any Federal court, of any of the offenses set forth in this

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

section or their equivalent, the sentencing court shall consider as a guideline in imposing sentence that such person be sentenced to a minimum term of not less than four years imprisonment.

Section 5 of Act 1978, Nov. 26, P.L. 1316, No. 319.

The court in turn thanked the District Attorney and went on to sentence appellant. New counsel asks us to infer that the lower court impermissibly applied Act 319 to Mr. Garris' case. There is no testimony indicating that the trial judge used Act 319 in imposing a sentence. The trial judge indicated that he was familiar with the Act. We must assume the judge's familiarity with the Act included its effective date. There is nothing in the record to indicate otherwise. The court record, in its entirety, replied to the District Attorney's suggestions as follows:

"THE COURT: The Court is familiar with the section which the district attorney has referred to, and the Court became familiar with it after having received the presentence investigation, and after having concluded the range of sentences which may be imposed, depending upon what counsel and the defendant would say to the Court at this time of sentencing. So the Court is aware of that, however, appreciates your having called it to the Court's attention."

The court went on to sentence appellant to four to eight years of imprisonment.

After sentencing, original counsel filed an "Application for Reconsideration of Sentence and to Challenge Legality of Sentence" which did not challenge the allegedly inferred use of Act 319. Furthermore, an additional "Application" was filed in which appellant contends that the original counsel neglected to allege that the trial judge "failed to adequately conduct the guilty plea colloquy."

■ The effective date of Act 319 was January 1, 1979. The offense occurred in the fall of 1978, and sentencing took place in February of 1979. New counsel correctly contends that Act 319 was inapplicable. However, the court stated it

was familiar with Act 319 and, therefore, we must assume the trial judge recognized that Act 319 was inapplicable. See Supplemental Brief for appellant at page 4.

The standard for review of the effectiveness of assistance of trial counsel has frequently been stated. It is:

> "our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis."

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349 (emphasis in original) (footnote omitted); see also, *Commonwealth v. Roundtree*, 469 Pa. 241, 364 A.2d 1359 (1976); *Commonwealth v. Skurkis*, 465 Pa. 257, 348 A.2d 894 (1975).

■ While it is true that the original counsel's actions were not reasonable, it is also true that the record does not support us holding that the trial judge relied upon Act 319 when he imposed a sentence. Because the sentence was applied without reference to Act 319, the ineffectiveness of counsel, if any, in failing to present appellant's arguments was harmless.

The appellant's contentions in the instant case are analogous to those in the following cases where a claim of ineffective assistance of counsel did not lie.

■ An unsupported allegation that a transcript might have been helpful is not a sufficient basis to find that counsel was ineffective. *See Com. v. Johnson*, 479 Pa. 60, 387 A.2d 834 (1978); *Com. v. Waters*, 276 Pa.Super. 584, 419 A.2d 612 (1980); *Com. v. Gordon*, 254 Pa.Super. 267, 385 A.2d 1013 (1978). Here appellant failed to meet his burden of proving his claim, *Com. v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979); (other citations omitted), for he failed to show that

possession of the transcript was a *sine qua non* to effective trial preparation, *Com. v. Walley*, 262 Pa.Super. 496, 396 A.2d 1280 (1978), or that it would have affected his decision to accept a plea bargain and plead guilty. *See Com. v. Hampton*, 462 Pa. 322, 341 A.2d 101 (1975); *Com. v. Minifield*, 225 Pa.Super. 149, 310 A.2d 366 (1973).

██ The appellant also alleges that the guilty plea colloquy was defective because it failed to notify Mr. Garris that the court would consider Act 319 when imposing a sentence. This argument clearly fails because there is no evidence that Act 319 was considered in sentencing.

Judgment affirmed.

WICKERSHAM, J., files a concurring statement.

EAGEN, J., files a dissenting opinion.

WICKERSHAM, Judge, concurring:

I concur in the result.

EAGEN, Judge, dissenting:

I agree that section 5 of the Act of November 26, 1978, P.L. 1316, No. 319, 18 Pa.C.S.A. § 1381 notations (Supp.1980–81), was inapplicable to the instant case. But I do not agree that the record indicates the court did not impermissibly consider the section simply because it was familiar with Act 319.

In my view, this record indicates the court did consider section 5 after the assistant district attorney brought it to the court's attention. Moreover, defense counsel's failure to object constitutes a failure to raise a meritorious issue for which no reasonable basis could exist. Hence, I would vacate the sentence and remand for resentencing. See *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977). Cf. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

The request that we vacate the plea because appellant was not advised that Act 319 would be applied at sentencing need not be granted because on remand for resentencing Act 319 would not be applied.