465 A.2d 678

**COMMONWEALTH of Pennsylvania**

v.

**Frederick SCOTT, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1983.

Filed Sept. 9, 1983.

---

Mitchell S. Strutin, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Frederick Scott entered a counselled plea of guilty to robbery and criminal conspiracy as a result of his participation in the robbery of a member of the Philadelphia Police Department's "Grandpop Squad" on June 14, 1978. He was sentenced on January 9, 1979 to a term of imprisonment for not less than four (4) nor more than eight (8) years. Scott did not file a motion to withdraw his guilty plea or to modify his sentence and did not take a direct appeal. Subsequently, Scott filed a pro se P.C.H.A. petition in which he alleged that his guilty plea had been induced by trial counsel's promise of a less severe sentence and that his counsel had been ineffective because he failed to object when the sentencing court erroneously cited and relied upon an inapplicable sentencing guideline to impose a minimum sentence of four (4) years. Counsel was appointed, and an amended petition was filed. Following an evidentiary hearing before the Honorable Edward J. Blake, the P.C.H.A. petition was dismissed. This appeal followed, in which Scott is represented by new counsel. Because there is merit in appellant's second contention, we remand for resentencing.

Ordinarily, the failure to file a petition to withdraw a guilty plea, combined with the failure to pursue a direct appeal, will bar consideration of the validity of the plea in a subsequent collateral proceeding. *Commonwealth v. Knox*, 304 Pa.Super. 368, 372, 450 A.2d 725, 727 (1982); *Commonwealth v. McGarry*, 280 Pa.Super. 527, 529–530 n. 2, 421 A.2d 847, 848 n. 2 (1980); *Commonwealth v. Campbell*, 269 Pa.Super. 467, 469, 410 A.2d 350, 352 (1979). In this case, however, the record discloses that appellant was not advised of his right to file such motions or of the consequences of a failure to do so. Therefore, appellant is

not barred from challenging the validity of his plea in these proceedings. *Commonwealth v. Frankhouser*, 491 Pa. 171, 176, 420 A.2d 396, 398–399 (1980); *Commonwealth v. Brandon*, 485 Pa. 215, 217, 401 A.2d 735, 737 (1979); *Commonwealth v. Crawford*, 285 Pa.Super. 169, 185, 427 A.2d 166, 174 (1981); *Commonwealth v. McGarry, supra.*

■■■■ Appellant contends that his guilty plea was involuntary because unlawfully induced by counsel's promise of a two (2) to five (5) year sentence to run concurrently with another sentence to be imposed by a different judge in a separate proceeding. The record of the guilty plea colloquy belies this claim. When asked whether he had been "promised ... anything in terms of sentence that has influenced your decision to plead guilty[,]" appellant responded that he had not. He agreed with his counsel at that time that the plea being entered was an open plea of guilty and that there had been no agreement concerning the sentence to be imposed. Faced with his own unequivocal denial of the existence of a promise as to sentencing, appellant now suggests that he lied throughout the colloquy in order to insure the acceptance of his plea. However, "[a] criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel." *Commonwealth v. Brown*, 242 Pa.Super. 240, 247, 363 A.2d 1249, 1253 (1976). Moreover, at the P.C.H.A. hearing the testimony of appellant's trial counsel confirmed that he had made no promise to appellant regarding the length of the sentence. It was also demonstrated, contrary to appellant's assertions, that the Public Defender's file failed to support a promise of a sentence of two (2) to five (5) years. The P.C.H.A. court resolved the credibility issue against appellant and found that no promises had been made by counsel or by anyone else. This finding is fully supported by the record; we will not disturb it on appeal. *Commonwealth v. Williams*, 310 Pa.Super. 501, 514, 456 A.2d 1047, 1054 (1983). It is by now well

established that disappointed expectations will not alone vitiate a guilty plea. *Commonwealth v. Waddy,* 463 Pa. 426, 429 n. \*, 345 A.2d 179, 180 n. \* (1975); *Commonwealth v. Sanutti,* 454 Pa. 344, 347, 312 A.2d 42, 44 (1973); *Commonwealth v. Brown, supra* 242 Pa.Super. at 247, 363 A.2d at 1253.

■ Appellant also contends that his trial counsel was ineffective for failing to object when the sentencing court relied upon Section 5 of the Act of November 26, 1978, P.L. 1316, No. 319 (reported in the note following 42 Pa.C.S. § 9721 and entitled "Interim Sentencing Guidelines"), to impose a sentence of imprisonment for not less than four nor more than eight years. This statutory provision became effective January 1, 1979 but had application only to offenses occurring subsequent thereto. *Commonwealth v. Garris,* 280 Pa.Super. 287, 290, 421 A.2d 726, 727 (1980). It provided an interim sentencing guideline for certain repeat offenders as follows:

(a) Until sentencing guidelines adopted by the Pennsylvania Commission on Sentencing and relating to the offenses set out in this subsection become effective pursuant to 18 Pa.C.S. Sec. 1385 (relating to publication of guidelines for sentencing), when any person is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery, aggravated assault as defined in 18 Pa.C.S. Sec. 2702(a)(1) (relating to aggravated assault) involving the use of a firearm, arson or kidnapping, or of attempt to commit any of these crimes, and when that person has been previously convicted in this Commonwealth, or any other state or the District of Columbia, or any Federal court, of any of the offenses set forth in this section or their equivalent, the sentencing court shall consider as a guideline in imposing sentence that such person be sentenced to a minimum term of not less than four years imprisonment.

Because appellant's offense occurred on June 14, 1978, this section had no application; and the sentencing court was in

error when it relied on Act 319 to impose a four to eight year sentence of imprisonment.

The Commonwealth argues that the sentencing court observed merely the prospective nature of the statutory guideline in an effort to bring home to appellant the seriousness of the crime of robbery to which he had entered a plea of guilty and that the sentence was based on other factors. We are unable to accept this contention. That the court relied upon and followed the inapplicable statutory guideline is readily apparent from the record. Not only did the sentencing court recite the applicability of the statutory guidelines after January 1, 1979, but it specifically cited the statute as a reason for its sentence. Thus, the court said:

I also took into account Senate Bill 195, which as to certain target offenses has set a minimum of four years incarceration if there has been a repeated offense. In this case you have been convicted of robbery, as you have been before.

Despite the court's express consideration of an inapplicable statutory provision, appellant's trial counsel did not object or suggest to the court that the statute was inapplicable to the offense for which appellant was being sentenced. There was no reasonable basis for counsel's failure to object to the court's impermissible consideration of the inapplicable sentencing guideline. Compare: *Commonwealth v. Garris, supra.* It is necessary, therefore, that we vacate the sentence based on improper considerations and remand for resentencing. See: *Commonwealth v. Gaito,* 277 Pa.Super. 404, 412, 419 A.2d 1208, 1212–1213 (1980).

That portion of the trial court's order denying appellant's P.C.H.A. request to withdraw his plea of guilty is affirmed. The portion of the order denying the request for reconsideration of the sentence, however, is reversed; the judgment of sentence is vacated; and the case is remanded for resentencing. Jurisdiction relinquished.