J-A31025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN CAIATI | |
| Appellant | No. 559 EDA 2016 |

Appeal from the Judgment of Sentence June 28, 2012
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000063-2012

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                **Filed February 27, 2017**

Steven Caiati appeals from the June 28, 2012 judgment of sentence entered in the Wayne County Court of Common Pleas following his guilty plea to three counts of arson (recklessly placing person in danger of death or bodily injury).[1]  We affirm.

On April 5, 2012, Caiati entered the aforementioned guilty plea.  On June 28, 2012, the trial court sentenced Caiati to three concurrent terms of 72 to 144 months' incarceration.[2]  On June 21, 2013, Caiati filed a timely

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3301(a)(1)(i).

[2] Caiati also pled guilty to one count of recklessly endangering another person ("REAP") at CP-64-CR-0000062-2012.  He was sentenced to 1 to 2 years' incarceration, consecutive to his sentence for the arson convictions.

PCRA petition seeking reinstatement of his appeal and post-sentence rights *nunc pro tunc*. Following the filing of a **Turner**/**Finley**[3] letter by counsel, the trial court denied the petition. Caiati appealed, and on December 1, 2014, this Court concluded that the PCRA court erred in dismissing Caiati's original petition without a hearing. Accordingly, we remanded to the PCRA court to determine whether Caiati's appeal and post-sentence rights should be restored.

At Caiati's request, on January 25, 2015, the PCRA court appointed counsel on remand. On March 27, 2015, Caiati filed an amended PCRA petition. On November 23, 2015, the PCRA court held a hearing. On December 28, 2015, the PCRA court granted Caiati relief and restored his post-sentence and appeal rights.

On January 8, 2016, Caiati filed post-sentence motions to withdraw his guilty plea and to reconsider his sentence. The trial court denied both motions on January 19, 2016. On February 1, 2016, Caiati filed a motion to reconsider the denial of his motion to withdraw guilty plea.[4] On February 18, 2016, Caiati filed a notice of appeal.

_____

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[4] In his motion to reconsider, Caiati also asked the trial court to incorporate the notes of testimony from the November 23, 2015 PCRA hearing. The trial court did not act on this motion and lost jurisdiction to reconsider its ruling. **See** 42 Pa.C.S. § 5505; Pa.R.A.P. 1701. However, in its opinion, the trial court specifically referenced the notes of testimony from
*(Footnote Continued Next Page)*

Caiati raises two issues on appeal:

1. Does [Caiati]'s judgment of sentence reflect manifest injustice where it is clear from the written guilty plea colloquy and testimony that [Caiati] was promised a specific sentence to induce his guilty plea where the promised sentence was neither agreed upon by the parties nor the court warranting the judgment of sentence be vacated and the case remanded for trial?

2. Whether the trial court erred and abused its discretion in failing to grant [Caiati]'s motion to withdraw his guilty plea where there was manifest evidence that the guilty plea upon which he was sentenced was not knowing, intelligent and voluntary based upon evidence of the written guilty plea colloquy, and through testimony, that promises outside of the guilty plea agreement had been made with respect to sentencing which were false and/or fabricated?

Caiati's Br. at 5 (trial court answers omitted). Because both issues assert that the trial court improperly denied his motion to withdraw guilty plea because he proved a manifest injustice, we address Caiati's issues together.

Caiati argues that the trial court abused its discretion in denying his motion to withdraw guilty plea and incorrectly determined that there was no manifest injustice. According to Caiati, his plea counsel advised him, as well as members of his family, that if he pled guilty to REAP and three counts of arson, the trial court would sentence him to an aggregate term of 3 to 6 years' incarceration. Caiati's Br. at 18. Caiati contends that plea counsel

_(Footnote Continued)_ _____

the PCRA hearing. **See** Statement of Reasons, 4/13/16, at 2-3 ("1925(a) Op."). Because the trial court incorporated these notes of testimony into its decision and the notes of testimony are included in the certified record on appeal, we shall consider the PCRA hearing notes of testimony.

then led him through the written plea colloquy, instructing him "that the plea and promised sentence could only be completed" if Caiati checked boxes stating that no one had made promises to him outside of the plea colloquy. *Id.* In support of his position, Caiati notes that he amended an answer from "Yes" to "No" on his written colloquy, which asked whether any promises had been made to him outside of the colloquy. *Id.* Caiati also argues that the trial court failed to inquire into any such promises. *Id.* at 19. According to Caiati, the PCRA court "abused its discretion in failing to grant [Caiati's] post-sentence request to withdraw his guilty plea given the flaws in the colloquy and obvious lack of understanding demonstrated by [Caiati] arising from promises made to him." *Id.* at 22.

"[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002) (quoting *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa.Super. 1999)).

> To ascertain whether [a]ppellant acted in such manner, we must examine the guilty plea colloquy. The colloquy must inquire into the following areas: (1) the nature of the charges; (2) the factual basis of the plea; (3) the right to trial by jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the judge's authority to depart from any recommended sentence. This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining

the totality of the circumstances surrounding the entry of that plea.

*Id.* at 383-84 (internal citations and quotation marks omitted). "We will not disturb the decision of the [trial] court absent an abuse of discretion." *Commonwealth v. Broaden*, 980 A.2d 124, 128 (Pa.Super. 2009). "Defendants who plead guilty are "bound by [their] statements made during a plea colloquy, and may not successfully assert claims that contradict such statements." *Muhammad*, 794 A.2d at 384. Further, "[a] criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel." *Commonwealth v. Scott*, 465 A.2d 678, 680 (Pa.Super. 1983) (quoting *Commonwealth v. Brown*, 363 A.2d 1249, 1253 (Pa.Super. 1976)).

In its Rule 1925(a) opinion, the trial court explained its reasons for denying the post-sentence motion:

> At the PCRA hearing held on November 23, 2015, [Caiati] testified that he initially answered "yes" to Question 35 of the written guilty plea colloquy because trial counsel promised [him] that he would receive three (3) to six (6) years of imprisonment if he entered a plea of guilty. Question 35 asks: Have any promises been made to you to enter a plea of guilty other than any plea agreement made by you or your attorney? Based on [Caiati]'s testimony, trial counsel advised [Caiati] that his answer to Question 35 could not be "yes." In response, [Caiati] testified he asked trial counsel what would happen if the Judge decided not to give him three (3) to six (6) years of imprisonment. Trial counsel's response, according to [Caiati], was that she would file an appeal.

[Caiati]'s testimony from the PCRA hearing held on November 23, 2015, does not support [Caiati]'s claim that he entered the guilty plea under the manifestly false belief that the court would impose a predetermined, certain and/or agreed upon term of sentence in exchange for and/or as a condition of his guilty plea. Based on [Caiati]'s testimony, [he] was aware that sentencing was within the discretion of the trial judge. [Caiati]'s awareness is further supported by his answer "yes" to Question 48 of the written plea colloquy. Question 48 asks: Has your attorney explained to you that the plea you are entering is considered an "open" plea, meaning that the sentence will be determined entirely by the judge and that no agreement has been made with the Commonwealth concerning the duration of any possible incarceration? Therefore, the trial court did not err by determining that [Caiati]'s guilty plea was knowingly, intelligent and voluntary.

1925(a) Op. at 2-3.

We conclude that Caiati's alleged misunderstanding does not rise to the level of manifest injustice, and, thus, the trial court properly denied the motion. Despite attesting to the fact that the answers on his plea colloquy form were correct to the best of his knowledge, **see** Written Plea Colloquy, 3/13/12, at 9, and giving sworn testimony indicating that he understood the nature of his plea,[5] **see** N.T. Plea at 1-11, Caiati asserts that counsel

_____

[5] We also conclude that the trial court conducted the appropriate inquiries through written and oral colloquy. During the trial court's colloquy, Caiati indicated that he understood the nature of the charges, the factual basis of the plea, his right to a trial by jury, the presumption of innocence, the permissible range of sentences (including the statutory maximum), and, most importantly, the judge's authority to depart from any recommended sentence. **See** N.T., 4/5/12, at 1-11 ("N.T. Plea"); Written Plea Colloquy, 3/13/12. The trial court also inquired into Caiati's mental health and prescribed medication, asking him whether that medication made him

*(Footnote Continued Next Page)*

induced him to enter into the plea and "go along with the process" to obtain a favorable sentence. N.T., 11/23/15, at 19, 25-26. While trial counsel admitted that she might have used "three to six years" as an example in order to explain that Caiati's minimum sentence could not be greater than half the maximum sentence, she denied promising him a specific sentence. *Id.* at 34. Trial counsel also stated that she explained the nature of the open plea and did not direct Caiati to fill out the written plea colloquy in certain way. *Id.* at 34-36. Thus, the crux of Caiati's argument balances on the credibility of Caiati's trial counsel versus his own credibility and that of family members who testified on his behalf. We defer to a trial court's credibility determinations, as the trial court is in the best position to observe witnesses' demeanor.[6] *See Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009). The trial court assessed these witness and found trial counsel credible, a decision that we will not disturb on appeal.

Accordingly, we conclude that the trial court did not abuse its discretion in finding that Caiati entered his guilty plea knowingly, intelligently, and voluntarily, and, therefore, Caiati failed to establish a manifest injustice.

(Footnote Continued) ————————

"unable to understand what [he] was doing here today," to which Caiati responded "no." N.T. Plea at 8.

[6] The Honorable Raymond L. Hamill heard both Caiati's PCRA and post-sentence motion to withdraw guilty plea; for simplicity, we refer to Judge Hamill's findings in the PCRA context as those of the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017