J-S25006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT
                                          :        OF PENNSYLVANIA
                                          :

           v.                                    :
                                          :

TAVAUGHN PIERRE HAMLET       :
                                          :

         Appellant          :   No. 1817 MDA 2018

Appeal from the PCRA Order Entered October 12, 2018
In the Court of Common Pleas of York County
Criminal Division at No:  CP-67-CR-0005677-2015

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                     **FILED JUNE 10, 2019**

Appellant, Tavaughn Pierre Hamlet, appeals from the October 12, 2018 order entered in the Court of Common Pleas of York County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  Appellant's counsel filed a ***Turner/Finley***[1] letter brief contending any issues raised on appeal would lack merit and be frivolous. Counsel also has filed a motion to withdraw.  Following review, we grant counsel's motion to withdraw and affirm the PCRA court's denial of relief.

The PCRA court provided the following factual background:

On January 22, 2015, at approximately 9:51 p.m., members of the Drug Enforcement Agency and York County Drug Task Force executed a federal search warrant and forced entry to [Appellant's] home located at 4096 Majestic Court, Dover

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

Township. [Appellant] arrived home shortly after the officers' entry. Police immediately arrested [Appellant], who was carrying $11,900.00 on his person. Upon waiving his rights under **Miranda**, [Appellant] admitted that he owned a handgun and that it was located under the mattress in the master bedroom. Officers retrieved the handgun from underneath the mattress. Further, [Appellant] possessed over $50,000.00 in cash and a digital scale in his bedroom closet. [Appellant] has convictions in the State of Maryland that preclude him from possessing a firearm in Pennsylvania.

[Appellant] was charged with: (1) Person Not to Possess Firearms under 18 [Pa.C.S.A.] § 6105(a)(1) and (2) Possession of Drug Paraphernalia under 35 P.S. § 780-113(a)(32). The Commonwealth withdrew Count 2 at the lower court.

PCRA Court Opinion, 10/12/18, at 1-2.

The PCRA court explained that Appellant's counsel filed a motion to suppress evidence and obtain information regarding the search warrant and the GPS tracking of Appellant's cell phone. Subsequently, counsel assisted Appellant in negotiating a plea. Appellant entered a guilty plea to the gun charge and, on September 2, 2016, was sentenced to three and a half to seven years in a state correctional institution. **Id.** at 2. Appellant did not either seek to withdraw his guilty plea or file a direct appeal. **Id.** at 3.

On April 28, 2017, Appellant filed a timely *pro se* PCRA petition, asserting his prior record score was incorrectly calculated, resulting in an abuse of discretion on the part of the sentencing court.[2] Counsel was

_____

[2] Appellant also argued sentencing court error relating to the forfeiture of $70,000 cash. However, the forfeiture issue was addressed in a separate proceeding that was subsequently appealed to this Court and then transferred

- 2 -

appointed and the case ultimately proceeded to a hearing on August 6, 2018. During the hearing, PCRA counsel argued that plea counsel was ineffective in relation to Appellant's prior record score calculation because it included incorrect calculations for Appellant's previous convictions in Maryland. The Commonwealth countered that Appellant waived the claim when he agreed to a negotiated sentence. By order entered October 12, 2018, the PCRA court denied Appellant's petition. This timely appeal followed.

Counsel filed a **Turner/Finley** letter brief and a motion to withdraw with this Court. Before considering the merits, if any, of Appellant's appeal, we must address whether PCRA counsel has met the requirements of **Turner/Finley**.

In **Commonwealth v. Rykard**, 55 A.3d 1177 (Pa. Super. 2012), this Court explained:

> The **Turner/Finley** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, [] then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

---

to the Commonwealth Court by order entered on January 17, 2017. **Commonwealth v. Hamlet**, 2082 MDA 2016.

*Id.* at 1184 (citing **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009)).

We find that PCRA counsel has complied with **Turner**/**Finley**. PCRA counsel has petitioned for leave to withdraw and filed a **Turner**/**Finley** no-merit letter detailing the nature and scope of his review, listing the appellate issues, and explaining why the issues are meritless. Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.[3]

**See Commonwealth v. Widgins**, 29 A.3d 816, 818-19 (Pa. Super. 2011). Therefore, we must consider whether this appeal is indeed meritless.

"On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Widgins**, 29 A.3d at 819. As this Court has instructed:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

---

[3] There is no indication in the record to suggest Appellant hired new counsel. He did not file a *pro se* response with this Court.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Again, at issue is Appellant's contention that plea counsel was ineffective with respect to the calculation of Appellant's prior record score leading to imposition of an incorrect sentence.[4] The PCRA court determined Appellant's claim is not only waived but also meritless. The court noted that "[f]ailure to withdraw one's plea, combined with failure to take direct appeal bars consideration of an attack of the guilty plea in collateral proceedings when the petitioner has been advised of his post-sentence rights." PCRA Opinion, 10/12/18, at 6 (citing ***Commonwealth v. Scott***, 465 A.2d 678, 679 (Pa. Super. 1983)). ***See also*** 42 Pa.C.S.A. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

As the PCRA court explained, Appellant initialed and signed a written plea colloquy, evidencing his understanding of his post-sentence rights. However, Appellant declined to exercise those rights, despite voicing concerns about the prior record score calculations at the time of sentencing. PCRA Opinion, 10/12/18, at 7 (citing Notes of Testimony, PCRA Hearing, 8/6/18, at 5). Consequently, Appellant is barred from collaterally attacking his plea and

---

[4] In his ***Turner/Finley*** letter brief, counsel also examined the forfeiture issue. As noted above, the forfeiture issue is not before us.

the "claim is deemed waived and not cognizable to the PCRA court." *Id.* (some capitalization omitted).

The PCRA court also determined that Appellant's claim lacked merit, even if not waived. The court noted that entering a guilty plea results in waiver of all grounds for appeal, except voluntariness of the plea, jurisdiction of the court, and legality of sentence. *Id.* at 7-8 (citing ***Commonwealth v. Boyd***, 835 A.2d 812, 815 (Pa. Super. 2003)). Here there was no question of the court's jurisdiction or the legality of Appellant's sentence. With respect to the voluntariness of the appeal, the court explained, "[t]he focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the plea." *Id.* at 8 (quoting ***Commonwealth v. Flood***, 627 A.2d 1193, 1199 (Pa. Super. 1993)).

Here, Appellant not only completed a written plea colloquy but also responded to the court's questions during an oral colloquy at sentencing, agreeing to a term of three and a half to seven years and acknowledging he faced a maximum sentence of ten years in prison. *Id.* at 9 (citing Notes of Testimony, Guilty Plea Hearing, 4/29/16, at 3 and Written Plea Colloquy, 4/29/16, at 6). As the court further noted, Appellant rejected two other plea offers before accepting the plea for the sentence imposed. As the court observed, "[Appellant] actively negotiated with the Commonwealth until he struck a deal that he could live with irrespective of any calculated prior record score." *Id.* at 10. Moreover, during the PCRA hearing, there was a question

as to whether the Probation Department even calculated Appellant's prior record score or furnished a pre-sentence investigation report because the court did not order one. *Id.* In addition, Appellant could not recall the prior record score he believed was assessed or provide any evidence that his Maryland convictions should yield a prior record scored lower than that calculated. "These deficiencies greatly impede [Appellant] from meeting his burden of proving by a preponderance of evidence that plea counsel's ineffectiveness resulted in [Appellant] entering an involuntary plea." *Id.*

The court concluded:

In examining the totality of the circumstances surrounding the entry of [Appellant's] plea and whether he understood its connotations and subsequent consequences, this court finds that [Appellant] entered a voluntary and knowing plea and that he was not misled nor misinformed when he tendered his guilty plea. The calculation of [Appellant's] prior record score, if there was any such calculation, has no bearing on the voluntariness of [Appellant's] plea.

*Id.* at 11 (some capitalization omitted). Therefore, even if not waived, Appellant's claim lacked merit because he failed to prove, by a preponderance of evidence, that he entered into an involuntary plea due to plea counsel's ineffectiveness. *Id.*

Based on its independent review of the record, the PCRA court agreed with counsel's legal assessment that Appellant's claims lacked merit. Our review of the record confirms that the PCRA court's ruling is supported by the evidence and is free of legal error. Therefore, we shall not disturb it.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/10/2019