J-S37022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEE TAYLOR, | |
| Appellant | No. 1957 EDA 2014 |

Appeal from the Judgment of Sentence June 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CP-0006459-2009

BEFORE: GANTMAN, P.J., SHOGAN, and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED JULY 24, 2015**

Appellant, Lee Taylor, appeals from the judgment of sentence entered following the revocation of his probation. We affirm.

In a prior decision addressing Appellant's direct appeal, this Court summarized the underlying facts of this case as follows:

> [Appellant, at the age of forty-three,] lived next door to thirteen-year-old [Victim] on the 6100 block of Edmund Street in Philadelphia. [Victim's] mother was friendly with [Appellant], and he would occasionally babysit [Victim's] two younger brothers. In June of 2008, [Victim] accidently locked herself out of her house and went to [Appellant's] home to await her mother's return from work. [Victim] testified that while she was there, [Appellant] began to play with [Victim's] hair and attempted to kiss her. [Victim] left [Appellant's] house, but she testified that she did not tell her mother about the incident because [Victim] was scared.
>
> Later that summer, [Appellant] entered [Victim's] home unannounced. [Victim] testified that, while her mother and brothers were out of sight, [Appellant] began to kiss [Victim] on

the lips. [Victim] did not tell her mother about this second incident.

On the morning of December 24, 2008, while [Victim] was sleeping in her bedroom in the basement of her home, [Appellant] came downstairs and approached [Victim]. According to [Victim's] testimony, [Appellant] sat on her bed and proceeded to kiss [Victim] on her lips and rub her buttocks. [Appellant] then fondled [Victim's] breasts under her shirt and attempted to put his tongue in her mouth. During this encounter, [Appellant] told [Victim] that he missed her and loved her. After telling [Appellant] to leave, [Victim] left and walked to her uncle's home, where she told her uncle's girlfriend about [Appellant's] actions. [Appellant] was arrested later that morning.

*Commonwealth v. Taylor*, 2322 EDA 2010, 82 A.3d 1057 (Pa. Super. filed July 8, 2013) (unpublished memorandum at 1-2) (citations omitted).

On April 12, 2010, at the conclusion of a nonjury trial, Appellant was convicted of indecent assault, unlawful contact with a minor, simple assault, and corruption of minors. On July 12, 2010, the trial court sentenced Appellant to serve a term of incarceration of two and one-half to five years for the conviction of unlawful contact with a minor, plus a term of probation of five years. For the convictions of indecent assault, simple assault, and corruption of minors, the trial court also sentenced Appellant to serve concurrent terms of probation of five years, which were to run consecutive to the term of incarceration. Appellant then filed a direct appeal, and this Court affirmed his judgment of sentence on July 8, 2013. *Taylor*, 2322 EDA 2010, 82 A.3d 1057 (unpublished memorandum). The record does not reflect that Appellant sought any further appellate review.

After serving the five-year maximum term of incarceration, Appellant began serving the probationary portion of his sentence on January 5, 2014. N.T., 6/3/14, at 6. On February 19, 2014, Appellant tested positive for cocaine use. *Id*. at 13. Then, on April 12, 2014, Appellant participated in an altercation at the home of Michele Hutchinson. *Id*. at 6-11.

The trial court summarized the events of April 12, 2014, as follows:

> On the evening of April 12, 2014, [Appellant] assaulted Hutchinson at her home while she was holding a benefit for her father, who had recently passed away. Before [Appellant] arrived, two attendees got into an argument. Wayne Simmons ("Simmons") and his girlfriend were arguing because she was talking to another man. Simmons pulled out a baseball bat, but Hutchinson stopped him and took the bat. Simmons then left. Approximately five minutes later, Simmons returned with [Appellant] and a third man named Dana Baynes ("Baynes"). They were in search of the man who had spoken with Simmons' girlfriend. Hutchinson tried to prevent an altercation and asked the men to leave. [Appellant] grabbed Hutchinson's wrist and threw her to the ground.[1] Hutchinson tried to get away but [Appellant] tackled her. Others intervened and [Appellant] and his associates fled when they heard police sirens.
>
> The police instructed Hutchinson to file a private criminal complaint. When Hutchinson filed the complaint, she learned that [Appellant] was on probation, which prompted her to file a second complaint with the probation department.

Trial Court Opinion, 12/18/14, at 3 (citations omitted).

_____

[1] When Appellant threw Ms. Hutchinson to the ground, she struck her face on the street and a tire, causing road burn and abrasions, and Ms. Hutchinson will have permanent marks on her face as a result. N.T., 6/3/14, at 8-9, 11.

As a result of the incident, the trial court held a Daisey Kates hearing[2] on June 3, 2014. At the conclusion of the hearing, the trial court revoked Appellant's probation and imposed a new sentence. Specifically, the trial court sentenced Appellant to serve a term of incarceration of one and one-half to three years for the conviction of indecent assault, and a consecutive term of probation of four years for the conviction of corruption of minors. The trial court imposed no further penalty on Appellant's conviction of simple assault.

The record further reflects that on June 6, 2014, Appellant filed a post-sentence petition to vacate and reconsider sentence, which the trial court never acted upon. Appellant filed a timely notice of appeal on July 3, 2014. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did not the lower court err by failing to correct the illegal sentence originally imposed on appellant under the charge of unlawful contact with a minor?

2. Did not the lower court err by imposing a manifestly excessive and grossly disproportionate sentence of 1 ½ to 3 years of incarceration plus 4 years of reporting probation where appellant had only committed technical violations of his probation and where the lower court failed to fashion an individualized sentence that accounted for appellant's rehabilitative needs?

---

[2] **Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973). In **Kates**, our Supreme Court held that when a probationer has been charged with a new offense, his probation may be revoked prior to a trial on the new charge provided that the court supervising the probationer holds a hearing on the matter. **Id**. at 708-709.

Appellant's Brief at 3.

In his first issue, Appellant argues that the original judgment of sentence imposed upon Appellant by the trial court following his conviction in 2010 was illegal. Specifically, Appellant states the following:

> [T]he original sentence on unlawful contact with a minor as a third degree felony was 2 ½ to 5 years of incarceration to be followed by 5 years of probation. Thus, the sentence required a total of 10 years of supervision. However, the maximum sentence for a third degree felony is 7 years. 18 Pa.C.S.A. § 1103(3). Accordingly, the sentence was illegal.
>
> The revocation court failed to correct that sentence. The revocation court was originally going to impose its new sentence on the unlawful contact with a minor charge (N.T. 6/3/14, 23). However, defense counsel pointed out that [Appellant] had almost maxed out that charge and the lower court instead constructed the sentence with the misdemeanors. The issue of the unlawful contact with a minor charge was not readdressed. *See* (N.T. 6/3/14) *generally*. Accordingly, the illegal portion of [Appellant's] sentence is still in effect and [Appellant's] sentence must be vacated.

Appellant's Brief at 11-12.

As a prefatory matter, we observe that "[i]ssues relating to the legality of a sentence are questions of law[; as a result, o]ur standard of review over such questions is *de novo*, and our scope of review is plenary." ***Commonwealth v. Delvalle***, 74 A.3d 1081, 1087 (Pa. Super. 2013) (citations omitted). However, Appellant does not allege that the instant judgment of sentence is illegal. Rather, he contends that his original judgment of sentence, which was revoked following his violation of probation, was illegal.

This Court has concluded that where an appellant receives a new sentence upon resentencing and fails to allege that his current sentence is illegal, an attack on his original judgment of sentence is rendered moot. *See Commonwealth v. McGriff*, 638 A.2d 1032, 1035 (Pa. Super. 1994) (explaining that where the appellant was resentenced due to probation violations, and does not challenge the legality of the new sentence, claim that original sentence was illegal is moot). Instantly, Appellant does not allege that the instant judgment of sentence, which was imposed upon revocation of his probation, is illegal. Rather, he attacks the legality of the original judgment of sentence. Therefore, any illegality in Appellant's 2010 sentence for unlawful contact with a minor was corrected on June 3, 2014, when his probation was revoked and he was resentenced. Hence, to the extent that Appellant argues that his original sentence was illegal, we will not address this claim as it is moot. *McGriff*.

Secondly, Appellant argues that the trial court abused its discretion in imposing the sentence following the revocation of his probation. Appellant's Brief at 12-16. Specifically, Appellant contends that the sentence imposed was manifestly excessive and disproportionate in light of the technical violations of his probation, and thus the court failed to fashion an individualized sentence based upon his rehabilitative needs.

As this Court recently clarified in *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), our scope of review following the

revocation of probation is not limited solely to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Cartrette*, 83 A.3d at 1034. Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).

We are also mindful that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa. Super. 1999). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal,

> *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Sierra***, 752 A.2d at 912-913.

Herein, the first three requirements of the four-part test are met, those being that Appellant brought an appropriate appeal, raised the challenge in a post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

Appellant argues in his Pa.R.A.P. 2119(f) statement that the trial court abused its discretion by imposing a sentence following the revocation of probation that was unduly excessive and failed to consider his rehabilitative needs. Appellant's Brief at 8-9. Essentially, Appellant asserts that the

- 8 -

sentencing court failed to properly consider factors set forth under 42 Pa.C.S. § 9721(b).[3] Thus, we conclude that, in this instance, Appellant has raised a substantial question. **See Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (concluding that the appellant raised a substantial question where it was alleged that the trial court failed to consider the factors set forth in 42 Pa.C.S. § 9721(b)). Nevertheless, we conclude that Appellant is entitled to no relief on his claim, as the record reveals that the court properly considered Appellant's rehabilitative needs in fashioning the sentence.

Again, we are mindful of our standard of review, which is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Sierra**, 752 A.2d at 913 (citations and quotation marks omitted).

With regard to our review of a sentence imposed following the revocation of probation, we observe that, "[p]ursuant to 42 Pa.C.S. § 9771(b), when a defendant is found in violation of his probation, upon revocation the sentencing alternatives available to the court shall be the

---

[3] The factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public and rehabilitative needs of the defendant. **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006).

same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." *Commonwealth v. Crump*, 995 A.2d 1280, 1284 (Pa. Super. 2010). When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771(c) and 42 Pa.C.S. § 9721(b). *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa. Super. 2006). Pursuant to Section 9771(c), a court may sentence a defendant to total confinement after a revocation of probation if one of the following conditions exists:

> 1.    the defendant has been convicted of another crime; or
>
> 2.    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> 3.    such a sentence is essential to vindicate the authority of this court.

42 Pa.C.S. § 9771(c); *Commonwealth v. Coolbaugh*, 770 A.2d 788 (Pa. Super. 2001). A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa. Super. 2006). *See also Commonwealth v. Fish*, 752 A.2d 921, 924 (Pa. Super. 2000) (reiterating that although a court is required to explain its reasons for imposing sentence, it need not specifically cite or include the language of the

sentencing code; it must only demonstrate that the court had considered the factors specified in the code.).

Appellant argues that the sentence of incarceration and probation he was ordered to serve, which was within the statutory maximum, is manifestly excessive and unreasonable. In effect, Appellant contends that his sentence was disproportionate to the probation violations he committed and that the court did not consider his rehabilitative needs.

Our review of the record reflects that, at the time of sentencing, the court heard a detailed stipulated account of the altercation in which Appellant was involved and also viewed photographs of the victim's injuries. N.T., 6/3/14, at 6-11. In addition, our review of the record reflects that the court accepted testimony from Appellant's probation officer, as well as a recommendation from the probation officer. *Id*. at 12-15, 21-22. The court also heard Appellant's apology to the victim of the altercation and his request for forgiveness. *Id*. at 15-16. Moreover, Appellant's counsel presented facts surrounding Appellant's mental health issues and need for mental health treatment. *Id*. at 16-17. The record further reflects that the court heard from the Assistant District Attorney regarding the details of Appellant's previous criminal history, the physical altercation that led to

probation revocation, Appellant's mental health concerns, and the need for incarceration.[4] *Id*. at 17-21.

In explaining the reasons surrounding the sentence imposed, the trial court offered the following:

> Here, [Appellant] presents a substantial question on appeal when he asserts that the Court imposed an excessive and unreasonable sentence; that that the Court failed to adequately examine [Appellant's] background, character and rehabilitative needs; and that the Court failed to state adequate reasons on the record for imposing [Appellant's] sentence. *See* Statement.
>
> The Court considered [Appellant's] background, character and rehabilitative needs, and although [Appellant] states that the Court "imposed a sentence that was more than necessary to vindicate the authority of the Court" — presumably under 42 Pa.C.S.A. § 9771(c)(3) — the Court imposed a new sentence, under 42 Pa.C.S.A. § 9771(c)(2), after weighing the evidence and concluding that [Appellant] will likely commit another crime as indicated by his conduct while on probation. *See* N.T., June 3, 2014 at 5; *also see* Statement at ¶¶ 3(b).
>
> On April 12, 2010, [Appellant] was originally sentenced to two and one-half to five years [of] incarceration. On April 15, 2014, after [Appellant's] Daisey Kates hearing, the Court imposed a new legal sentence of one and one-half [to three] years of incarceration on the Indecent Assault, and four years consecutive reporting probation on the Corruption of Minors in compliance with 42 Pa.C.S.A. § 9771.
>
> At the hearing, the Court considered the [Appellant's] record, sentence, and conduct while on probation. *See* N.T., June 3, 2014 at 5, 17-19. The Court knew that [Appellant] was convicted of murder in 1983 and served the maximum term of twenty years before he was released in 2004. *Id*. at 17. The

---

[4] Specifically, after arguing that Appellant is "not safe in the community," the Commonwealth requested that the court impose "a sentence of 4-to-8 years in state custody." N.T., 6/3/14, at 21.

Court also considered that [Appellant] was convicted of child molestation in 2010, served his full five year sentence and was released on January 5, 2014. *Id*. at 18. The following month, on February 19, 2014, he tested positive for cocaine. *Id*. Within four months of release he violated probation again with the current offense. *Id*. at 17-19.

Also considered was [Appellant's] treatment after he tested positive for cocaine. *Id*. at 13. [Appellant] self-reported that he was schizophrenic, and he was diagnosed with cocaine abuse and mood disorder. His therapist stated that [Appellant] was compliant with the program, had perfect attendance, worked well within group sessions, and had excellent relationships with peers and staff. *Id*. at 13.

Additionally, the Court considered [Appellant's] therapist's statement that [Appellant] needs anger management because "he constantly talks about issues ranging from personal rage and anger." *Id*. The Court considered that [Appellant] had missed his appointment with his probation officer scheduled for April 15, 2014, three days after the incident because he had reported to his therapist instead of his probation officer, where he told his therapist that an incident had occurred over the weekend and that he was suicidal; and that [Appellant] was taken to the hospital and then to an inpatient program for a week. *Id*. at 13-14. Finally, the Court considered that [Appellant] had been in custody for about six weeks. *Id*. at 17.

Trial Court Opinion, 12/18/14, at 6-7.

Upon review, we discern no abuse of discretion. The court carefully considered the appropriate factors, including Appellant's need for rehabilitation, when it imposed the prison sentence and term of probation following revocation. Accordingly, Appellant is entitled to no relief.

Judgment of sentence affirmed.

Judge Lazarus joins the Memorandum.

P.J. Gantman Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/24/2015</u>