J-S53018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GIACOMO DAVID PISCIOTTA | |
| Appellant | No. 387 MDA 2015 |

Appeal from the PCRA Order January 23, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000198-2009

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 15, 2015**

Giacomo David Pisciotta appeals *pro se* from the order entered on January 23, 2015, in the Luzerne County Court of Common Pleas, which dismissed his petition for post-conviction collateral relief.[1]  Pisciotta seeks relief from the judgment of sentence of an aggregate 150 to 300 months' imprisonment imposed on October 30, 2009, following a negotiated guilty plea agreement to one count each of robbery, burglary, and aggravated assault.[2]  Based on the following, we affirm.

Pisciotta's convictions stem from the January 6, 2009, home invasion of a then-71-year-old victim, who was beaten and sustained numerous

---

[1]  **See** Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

[2]  18 Pa.C.S. §§ 3701(a)(1)(i), 3502(a), and 2702(a)(1).

injuries.[3]  On January 7, 2009, the Hazleton Police Department filed 12 charges against Pisciotta:  three counts of robbery, two counts of aggravated assault, two counts of simple assault, one count of burglary, one count of criminal trespass, one count of theft by unlawful taking, one count of terroristic threats, and one count of recklessly endangering another person.

On June 18, 2009, pursuant to a negotiated plea agreement, Pisciotta plead guilty to the above-provided crimes.  All other charges were *nolle prossed*.  On October 30, 2009, the court sentenced Pisciotta to a term of 66 to 132 months' incarceration for the robbery, a consecutive term of 30 to 60 months' imprisonment for the burglary, and a consecutive term of 54 to 108 months' incarceration for the aggravated assault.

On November 6, 2009, Pisciotta, represented by new counsel, filed a post-sentence motion for reconsideration of sentence pursuant to Pa.R.Crim.P. 720(A)(1), which was denied the same day.  He did not file a direct appeal, but did file a timely PCRA petition on February 19, 2010.  A PCRA hearing was held on May 24, 2010.  On July 26, 2010, the PCRA court issued an order denying Pisciotta's petition.  A panel of this Court affirmed

---

[3]  As the officers arrived on the scene, an individual, subsequently determined to be Pisciotta, was observed fleeing.  Pisciotta was apprehended and identified shortly thereafter.  Pisciotta confessed to breaking into the victim's home, hitting him four to five times with a baseball bat, and knocking him down the steps.

the PCRA court's order on August 8, 2011. ***See Commonwealth v. Pisciotta***, 32 A.3d 825 [1460 MDA 2010] (Pa. Super. 2011) (unpublished memorandum). Pisciotta did not petition for allowance of appeal to the Pennsylvania Supreme Court.

On November 6, 2012, Pisciotta filed, *pro se*, a second PCRA petition. On February 22, 2013, the court issued an order dismissing Pisciotta's petition. Pisciotta appealed, and a panel of this Court again affirmed the PCRA court's order, concluding the petition was untimely and it did not have jurisdiction to review the merits of Pisciotta's claims. ***See Commonwealth v. Pisciotta***, 87 A.3d 886 [506 MDA 2013] (Pa. Super. 2013) (unpublished memorandum).

On October 20, 2014, Pisciotta filed the present PCRA petition, his third. On January 13, 2015, the PCRA court issued its notice of its intention to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On January 23, 2015, the court entered an order, dismissing the petition. Pisciotta filed a response to the court's Rule 907 notice on January 29, 2015. This *pro se* appeal followed on February 17, 2015.[4]

Pisciotta raises the following issues on appeal:

_____

[4] The PCRA court did not order Pisciotta to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). On May 29, 2015, the court issued an opinion under Pa.R.A.P. 1925(a), adopting its rationale for dismissing the petition in its January 13, 2015, Rule 907 notice.

A) Were [Pisciotta]'s Sixth Amendment rights violated by an unconstitutional sentence enhancement?

B) Did [the] trial court judge abuse the discretionary aspect of the imposition of sentence?

C) Were [Pisciotta]'s Fourteenth Amendment rights violated by an unconstitutional sentence enhancement?

D) Did [the] trial [court] violate Pa.R.CRIM.Pro 907(1) by not allotting the amount of time given by said rule.

Pisciotta's Brief at 3.

Our standard of review is as follows:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (U.S. 2014).

- 4 -

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Pisciotta's post-sentence motion was denied on December 3, 2009. He did not file a direct appeal. Accordingly, his sentence became final on January 4, 2010, when his time to file a direct appeal with this Court expired. *See* Pa.R.A.P. 903(a).[5] Therefore, pursuant to Section 9545(b)(1), Pisciotta had one year from the date his judgment of sentence became final to file a PCRA petition. *See Taylor*, *supra*. The instant petition was not filed until October 20, 2014, making it patently untimely.

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[5] The thirtieth day, January 2, 2010, fell on a Saturday.

(iii) the right ascertained is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of the date when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). It merits mention that Piciotta's brief is lacking and disjointed at some points. While he sets forth four issues in his questions presented for review, it appears his brief only addresses the following two claims: (1) the court imposed an illegal sentence under ***Alleyne v. United States***, 133 U.S. 2151 (2013),[6] when it applied the deadly weapon enhancement to his sentencing guideline range;[7] and (2) the PCRA court

---

[6] In ***Alleyne***, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, 133 S.Ct. at 2155 (emphasis supplied).

[7] ***See*** 204 Pa.Code § 303.10(a)(2). Specifically, Pisciotta states: "Because [he] took a plea, the enhancement was not proven with a beyond a
*(Footnote Continued Next Page)*

violated Rule 907 by filing its order dismissing his PCRA petition before the allotted 20-day time period ended. *See* Pisciotta's Brief at 8-9.

With respect to his first issue, this claim fails for several reasons. We note, at the outset, Pisciotta does not allege that he received a mandatory sentence that would implicate the United States Supreme Court decision in *Alleyne*.[8]

Additionally, because he filed this third PCRA petition on October 20, 2014, more than a year after *Alleyne* was decided on June 17, 2013, he failed to satisfy the 60-day requirement of Section 9545(b)(2). *See Commonwealth v. Cintora*, 69 A.3d 759, 763–764 (Pa. Super. 2013) ("To fulfill the 60-day requirement [of 42 Pa.C.S. § 9545(b)(2)], Appellants needed to file their petitions within 60 days from the date of the court's decision."), *appeal denied*, 81 A.3d 75 (Pa. 2013). Likewise, "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Id.* at 763 (citation omitted). Therefore, *Alleyne*, a judicial decision, is not a "fact" that satisfies Section 9545(b)(1)(ii).

*(Footnote Continued)* ———————————

reasonable doubt standard, rather it was found with a preponderance of the evidence standard." Pisciotta's Brief at 8. Moreover, he states the enhancement factors were not included in the indictment, which he alleges the Commonwealth was required to put forth. *Id.*

[8] Indeed, a panel of this Court previously indicated Pisciotta's sentence was at the bottom of the standard range. *See Pisciotta*, 32 A.3d 825 [1460 MDA 2010 at 12] (Pa. Super. 2011) (unpublished memorandum).

Furthermore, **Alleyne** would not provide Pisciotta with relief under the exception at Section 9545(b)(1)(iii) because "neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final." **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).[9, 10]

With respect to Pisciotta's remaining argument, in which he complains the PCRA court violated Rule 907 by filing its order dismissing his PCRA petition before the allotted 20-day time period ended, we agree. Rule 907 provides:

> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any

---

[9] **See also Commonwealth v. Riggle**, 2015 Pa. Super. 147 [1112 MDA 2014] (Pa. Super. 2015) (stating that **Alleyne** does not retroactively apply).

[10] **See also Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (noting, *sua sponte*, that the trial court's application of the deadly weapon enhancement did not violate **Alleyne**; "If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range."), *appeal denied*, 104 A.3d 1 (Pa. 2014); **Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa. Super. 2015) (holding the application of the school zone enhancement, set forth in the same statute as the deadly weapon enhancement, did not violate **Alleyne**; "By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentences.").

material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal **within 20 days** of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (emphasis added). It is clear from a plain reading of this rule that Pisciotta had a full 20 days to respond. Indeed, his January 29, 2015, response was filed well within the 20-day period. By filing its order dismissing Pisciotta's petition **only 10 days** after it issued the Rule 907 notice, the PCRA court did not adhere to the rule.

Nevertheless, Pisciotta does not explain how the PCRA court's determination would have been different had it considered his January 29, 2015, response to the Rule 907 notice prior to denying his petition. Indeed, a review of his response reveals he reiterates his legality of sentence claim in the context of **Alleyne** and raises a discretionary aspects of sentencing argument.[11] As such, Pisciotta "has not demonstrated that he was prejudiced by the court's failure to consider his responses to the Rule 907

---

[11] Our discussion, **supra**, addresses Pisciotta's **Alleyne** assertion. With respect to his discretionary aspects of sentencing issue, we note where an appellant "could have raised a discretionary attack on his sentence on direct appeal from his sentence but failed to do so[,]" the issue is waived pursuant to 42 Pa.C.S. § 9543(a)(3). **Commonwealth v. McGriff**, 638 A.2d 1032, 1035 (Pa. Super. 1994).

notice prior to denying his petition." ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1277 (Pa. Super. 2013).

As such, we conclude Pisciotta is entitled to no relief based upon his failure to pled and prove the applicability of a PCRA timeliness exception. Therefore, there is no basis upon which to disturb the PCRA court's denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015